*Perryman v. Wells Fargo & Company, et al.*

## DEFENDANT WELLS FARGO BANK, N.A.'S NOTICE OF REMOVAL

### <u>List of Exhibits</u>

Exhibit A     The Summons, Complaint and Affidavit of Service filed in the
Superior Court of Arizona, County of Maricopa

Exhibit B     Defendant Wells Fargo Bank, N.A.'s Notice of Removal filed in the
Superior Court of Arizona, County of Maricopa

Exhibit C     Copies of the docket and all other documents filed in the Superior
Court of Arizona, County of Maricopa

*Perryman v. Wells Fargo & Company, et al.*

**DEFENDANT WELLS FARGO BANK, N.A.'S NOTICE OF REMOVAL**

# EXHIBIT A

1   GARY PERRYMAN
    10401 E. MCDOWELL MTN RANCH RD.
2   SUITE 2335
    SCOTTSDALE, AZ 85255
3   Telephone: (480) 371-7992

4   Pro Per

          SUPERIOR COURT OF THE STATE OF ARIZONA
5
            IN AND FOR THE COUNTY OF MARICOPA
6

7   _____

8   GARY PERRYMAN,       )   No.   CV2010 009863

9              Plaintiff,  )

10     vs.              )      **SUMMONS**

11                  )

12   WELLS FARGO & COMPANY, a  )
    Delaware Corporation, WELLS   )
13   FARGO BANK N.A., WELLS FARGO )
    HOME MORTGAGE and DOES 1    )
14   through 50, inclusive,        )

15              Defendants.  )

*IF YOU WANT THE ADVICE OF A LAWYER, YOU MAY WISH TO CONTACT THE LAWYER REFERRAL SERVICE AT 602-257-4434 OR ON-LINE AT WWW.LAWYERFINDERS.ORG. LRS IS SPONSORED BY THE MARICOPA COUNTY BAR ASSOCIATION*

16   THE STATE OF ARIZONA TO THE DEFENDANTS:

17   WELLS FARGO BANK N.A.
18   2338 W Royal Palm Rd., Suite J
    Phoenix, AZ 85021
19

20   WELLS FARGO BANK
    4420 Auburn Blvd., Suite 110
21   Sacramento, CA 95841

22   <u>WELLS FARGO</u> HOME MORTGAGE
    2799 Wells Fargo Way
23   Mac X9901-08T
    Minneapolis, MN 55467
24

25        YOU ARE HEREBY SUMMONED and required to appear and defend,

26   within the time applicable, in this action in this Court. If served within

27   Arizona, you must appear and defend within 20 days after the service of the

28

20312193v1            - 1 -
                  SUMMONS

1    Summons, Complain and Certificate of Compulsory Arbitration upon you,

2    exclusive of the day of service.  If served out of the State of Arizona,

3    whether by direct service, by registered or certified mail, or by publication,

4    you shall appear and defend within 30 days after the service of the

5    Summons, Complain and Certificate of Compulsory Arbitration upon you is

6    complete, exclusive of the day of service.  Where process is served upon the

7    Arizona Director of Insurance as an insurer's attorney to receive service of

8    legal process against it in this state, the insurer shall not be required to

9    appear, answer or plead until the expiration of 40 days after date of such

10   service upon the Director.  Service by registered or certified mail without

11   the State of Arizona is complete 30 days after the date of receipt by the

12   party being served.  Service by publication is complete 30 days after the

13   data of first publication.  Direct service is compete when made.  Service

14   upon the Arizona Motor Vehicle Superintendent is compete 30 days after

15   filing the Affidavit of Compliance and return receipt or Officer's Return.

16   RCP 4, 4.1, 4.2 and 12(c).

17        YOU ARE HEREBY NOTIFIED that in case of your failure to appear

18   and defend within the time applicable, judgment y default may be rendered

19   against you for the relief demanded in the Complaint.

20        YOU ARE CAUTIONED that in order to appear and defend, you must

21   file an Answer or proper response in writing with the Clerk of this Court,

22   accompanied by the necessary filing fee, within the time required, and you

23   are required to serve a copy of any Answer or response upon the Plaintiff's

24   attorney.  Arizona Rules of Civil Procedure, Rules 5, 10; A.R.S. §12-311.

25        Copies of the pleadings filed herein may be obtained by contracting

26   the Clerk of the Superior County, Maricopa County, located at 201 W.

27   Jefferson, Phoenix, Arizona 85003.

28

20312193v1                          - 2 -
                                   SUMMONS

1   Summons, Complain and Certificate of Compulsory Arbitration upon you,

2   exclusive of the day of service.  If served out of the State of Arizona,

3   whether by direct service, by registered or certified mail, or by publication,

4   you shall appear and defend within 30 days after the service of the

5   Summons, Complain and Certificate of Compulsory Arbitration upon you is

6   complete, exclusive of the day of service.  Where process is served upon the

7   Arizona Director of Insurance as an insurer's attorney to receive service of

8   legal process against it in this state, the insurer shall not be required to

9   appear, answer or plead until the expiration of 40 days after date of such

10  service upon the Director.  Service by registered or certified mail without

11  the State of Arizona is complete 30 days after the date of receipt by the

12  party being served.  Service by publication is complete 30 days after the

13  data of first publication.  Direct service is compete when made.  Service

14  upon the Arizona Motor Vehicle Superintendent is compete 30 days after

15  filing the Affidavit of Compliance and return receipt or Officer's Return.

16  RCP 4, 4.1, 4.2 and 12(c).

17       YOU ARE HEREBY NOTIFIED that in case of your failure to appear

18  and defend within the time applicable, judgment y default may be rendered

19  against you for the relief demanded in the Complaint.

20       YOU ARE CAUTIONED that in order to appear and defend, you must

21  file an Answer or proper response in writing with the Clerk of this Court,

22  accompanied by the necessary filing fee, within the time required, and you

23  are required to serve a copy of any Answer or response upon the Plaintiff's

24  attorney.  Arizona Rules of Civil Procedure, Rules 5, 10; A.R.S. §12-311.

25       Copies of the pleadings filed herein may be obtained by contracting

26  the Clerk of the Superior County, Maricopa County, located at 201 W.

27  Jefferson, Phoenix, Arizona 85003.

28

20312193v1

SUMMONS

GARY PERRYMAN
10401 E. MCDOWELL MTN RANCH RD.
SUITE 2335
SCOTTSDALE, AZ 85255
Telephone: (480) 371-7992

Pro Per

MICHAEL K. JEANES
Clerk of the Superior Court
By Dorotha Stephens, Deputy
Date 03/22/2010 Time 11:48:26
Description                        Amount
-------- CASE# CV2010-009863 --------
CIVIL NEW COMPLAINT               301.00
------------------------------------------
TOTAL AMOUNT                      301.00
          Receipt# 20434911

# SUPERIOR COURT OF THE STATE OF ARIZONA

## IN AND FOR THE COUNTY OF MARICOPA

CV2010- 009863

|  |  |
|---|---|
| GARY PERRYMAN, | No. |
| Plaintiff, | **COMPLAINT**<br>(Breach of Contract, Negligent Misrepresentation, Fraud, Declaratory Judgment and Injunction) |
| vs. | |
| WELLS FARGO & COMPANY, a Delaware Corporation, WELLS FARGO BANK N.A., WELLS FARGO HOME MORTGAGE and DOES 1 through 50, inclusive, | |
| Defendants. | |

Plaintiff allege as follows:

## PARTIES AND JURISDICATION

1.      Plaintiff Gary Perryman ("Perryman") resides in the State of Arizona, the city of Scottsdale and the city of Prescott.

2.      Defendant Wells Fargo ("Bank") is headquartered in San Francisco, and has at all times hereto don e business in Arizona and caused events to occur in Arizona.

3.      The action arises out of a $977,500 construction to permanent loan from the Bank to Perryman in April of.2007 for his primary residence, located at 4340 Fort Bridger, Prescott AZ 86305, Parcel # 100-18-100, on which construction commenced August, 2007 and a certificate of occupancy was issued for on July 6th, 2008 by the County of Yavapai.

1      4.    Pursuant to the Construction Loan Agreement ("CLA") dated

2  April 4th , 2007, the parties agreed to Arizona as the choice of law and

3  forum for any disputes.

4      5.    Jurisdiction and venue are proper in this Court pursuant to the

5  above referenced allegations and under A.R.S. §12-401(7), (9), (11) and

6  (12).

7                    **GENERAL ALLEGATIONS**

8      6.    Allegations 1-5 are re-alleged herein.

9      7.    This action arises out of the Bank's refusal to convert the

10  construction loan to a permanent loan, in accordance with the agreement

11  executed between the parties and the continued representations made by the

12  Bank.

13      8.    The settlement statement from the Bank was issued on April

14  4th, 2007, the Loan Number of 0072284011.  At that time, the land loan to

15  M&I Bank was paid off in the amount of $244,881.83.  The loan amount was

16  approved for a total of $977,450, which included the payoff to M&I Bank,

17  and the deductions for closing costs, loan origination fees, processing and

18  inspection fees, and title fees in the amount of $24,932.38, most of which

19  was paid to Wells Fargo Bank.  Although these fees seemed excessive,

20  because they would be just one time with the loan being a construction to

21  permanent loan, The Plaintiff agreed to the loan.

22      9.    The Bank advised Perryman that the main contact for release of

23  funds, Ms. Mary Hogan had a personal, long standing relationship with the

24  original contractor.

25      10.    In the winter of 2008, Perryman had issue with some of the

26  subcontractor billing that was being presented from the contractor, and

27  alerted the Bank that various completion tasks would be handled without

28  contractor, which was detailed in advance in the agreement between

COMPLAINT

1   contractor and Perryman from the beginning of the project, and was the
2   paperwork presented before the loan was originated.

3       11.   From that point forward, securing draws from the Bank became
4   increasingly difficult, and it became clear that the Bank was not going to
5   assist Perryman in completing the home before the April 4th, 2008 original
6   loan expiration date.

7       12.   To spite how hard the Bank tried to put barriers in the way of
8   the home completion by not releasing funds, Perryman had expeditiously
9   completed the home, with his own funds to spite the Bank refusing to issue
10  disbursements in the March and April timeframe to allow the completion to
11  be finished in April of 2008.

12      13.   The Bank knew that the one year period for maturity was
13  drawing near. Intentionally and in an effort to deceive Perryman, the Bank
14  knowingly and maliciously withheld construction funds. Perryman was
15  forced to continue to use his own funds to finish construction, and
16  construction was complete on July 9th, 2008, instead of April 4th, 2008.

17      14.   By complaining to Wells Fargo, I was presented with an
18  extension letter extending the loan period to July of 2008, and therefore
19  assumed there would be no problems with Wells Fargo honoring the
20  complete and total contract for construction to permanent financing, as the
21  extension letter DID NOT say it applied to just Well Fargo selected sections
22  of the agreement, but rather referred to the ENTIRITY of the loan
23  agreement. At no time did I ever receive a letter or any notification from
24  Wells Fargo that the construction to permanent loan was repealed or that
25  there would be any changes to the agreement I executed guaranteeing the
26  conversion of the loan to permanent financing.

27      15.   On July 9th, 2008 all major construction was completed on the
28  home and a certificate of occupancy was issued by the County of Yavapai,

1   State of Arizona.

2       16.    Perryman has owned the land since June 24, 2005. It was never

3   the intention of Perryman to build a home or invest over $450,000 into the

4   home without the knowledge that he had secured permanent loan funding,

5   and to allege otherwise would be ridiculous- as no one would gamble that

6   they would have no place to live and invest their life saving in a home

7   without such a bank guarantee.

8       17.    At all times, Perryman has been current on property tax

9   payments and maintained property insurance with the Bank named as

10  additionally insured. Perryman has not had a financial hardship, and at all

11  times can and has been able to pay his mortgage, regardless of the amount.

12      18.    Bank policy on its construction to permanent loans provide as

13  follows:

14          a)    The Bank allows draw request to cover subcontractors in

15          order to key subcontractor and material suppliers moving forward.

16          b)    Borrower financial information was requested at the time

17          of loan application and not to convert the loan to permanent.

18          c)    Draws are in accordance with the agreed upon draw

19          schedule and are do to occur as expected by the Bank.

20          d) Certain work can be done by the owner-borrower.

21      e)  The Bank may, as it has done in this case, extend the maturity

22          date on the loan, which does not automatically withdraw its

23          obligation to convert the loan to permanent financing.

24      19.    After completion of the home, the Bank required Perryman to

25  send in a second copy of W2 statements and tax returns.  Perryman

26  complied with the request, but did not fill out any documents, rather the

27  Bank prepared a fraudulent and inaccurate application on behalf of

28  Perryman, which has just been provided to Perryman in February of 2010.

20312193v1                        - 4 -
                              COMPLAINT

1   The document is riddled with incorrect information that the Bank knowingly

2   and willfully used as a fraudulent basis to deny the continuation of the

3   promise of permanent financing.  Everything from the loan amount, to the

4   debt ratio to the income statements was incorrectly represented by the Bank.

5        20.   Perryman continued to receive monthly mortgage statements

6   from Wells Fargo Home Mortgage.  Perryman had no reason to believe that

7   any problem existed, and continued to pay his monthly mortgage.   The

8   maturity date on the statements from the Bank always showed a maturity

9   date in the future for the loan.

10       21.   In April of 2009, the Bank sent a letter to Perryman stating that

11  the permanent financing had been denied due to a material change in

12  finances. However, Perryman was not advised he was applying for a new

13  loan- but rather believed that the Bank had for some reason delayed the

14  conversion of the loan.  In addition, Perryman's finances were increasing,

15  not decreasing so the letter made no sense.

16       22.   Perryman contacted the Bank and was told due to the economy

17  and changes in the administration, the Bank was not converting loans at this

18  time and to continue paying the monthly mortgage statements and await an

19  update letter form the Bank on when the loan would convert to permanent

20  financing.

21           *The   Bank   intentionally   and   willfully*

22           *withheld funds to delay project completion*

23           *due to changing economic conditions*

24       23.   In March and April of 2008, Perryman asked for the remaining

25  funds of the loan to be distributed to allow for completion of the home.

26  The Bank representative refused to process the distribution, intentionally

27  causing a delay in the completion.

28       24.   Moreover, the Bank represented that this delay would not cause

1   a problem with the conversion to permanent financing, as the Bank would

2   extend the maturity date accordingly to July 2008.

3        25.    In retrospect of the chain of events, it is the belief of Perryman

4   that the Bank willfully and knowingly withheld the funds to ensure that

5   Perryman would not be able to easily process the loan conversion because

6   of the banking industry economic conditions.

7              *The Bank Has Assessed the Home as Completed by*

8              *Perryman and knows its True Value- intends to*

9                   *profit from the Perryman Investment*

10       26.    To spite the refusal of the bank to release and distribute funds

11  in a timely manner, Perryman used his own funds, in excess of $450,000 to

12  complete the home.

13       27.    A certificate of occupancy was issued on July 9th, 2008.

14       28.    After which, Perryman asked for the loan agent to be replaced

15  on the construction account, and the funds from Wells Fargo were released

16  after a bank inspector verified the home was complete.

17       29.    Wells Fargo knows the true value of the home and is aware that

18  the home has a large positive equity through the investments made by

19  Perryman.

20       30.    Wells Fargo send a Notification of Default on January 4th, 2010

21  to Perryman detailing their plan to steal the home form Perryman without

22  any mention to the status of the permanent loan which was allegedly

23  guaranteed in 2007.

24       31.    In February of 2010 the Bank agreed to work with Perryman to

25  secure the permanent loan, but has not provided any update or new

26  paperwork to Perryman.

27       32.    The current amount due on this loan is $975,739.46. Perryman

28  has personally invested over $450,000 into the construction of the home.

1   The home has been appraised at $1,275,000 in the worst market, and up to

2   $1,850,000 in the high market. The home would sell between these values,

3   which would cover my personal investment in the property.

4       33.   If Wells is allow to perpetrate this fraud, the following

5   damages will be sustained by Perryman as a result of the Bank's

6   unreasonable and unlawful conduct:

7       a)   Perryman will lose over $450,000, his life savings that he has

8           invested into the home and land;

9       b)   Perryman will have damaged credit, after a lifetime of good and

10          excellent credit rating;

11      c)   Lost equity and lost profit;

12      d)   Lost of his primary residence for his family causing hardship.

13                          **COUNT ONE**

14                      **(Breach of Contract)**

15      34.   Allegations 1-33 are realleged herein.

16      35.   Standards of reasonableness and timely completion are

17  expressly stated in the CLA.

18      36.   Further, the CLA contained an implied-in-law covenant of good

19  faith and fair dealing.

20      37.   The Bank had a duty under the CLA to act fairly and in good

21  faith with Perryman to see to timely distributions of the funds in order to

22  support the conversion to a permanent loan.

23      38.   This duty is implied by law and by the advertising conducted

24  by the Bank in soliciting borrowers such as Perryman to enter into

25  construction to permanent financing arrangements.

26      39.   This duty required the Bank not to do anything that would

27  prevent Perryman from receiving the benefits of the conversion from

28  construction to permanent loan financing.

1      40.   Under the circumstances, the Bank's decision in April 2009 to

2  not provide permanent financing to Perryman has given the inevitable

3  consequential damages to Perryman putting the Bank in a position to take

4  not only the home, but the $450,000 in cash that Perryman has contributed

5  to completing the home, which is nothing short of conversion by the Bank.

6      *41.*   The Bank's decision to not convert the loan has violated the

7  *covenant of good faith and fair dealing.*

8      42.   The Bank's refusal to provide disbursements in a timely manner

9  intentionally moving the completion date past April of 2008 was a breach of

10  the express covenants of reasonableness in the CLA and a breach of the

11  implied covenant of good faith and fair dealing.

12  **WHEREFORE,** plaintiff Gary Perryman requests the entry of Judgment for

13  ***Breach of Contract*** against Wells Fargo Bank as follows:

14      A.   For any and all compensatory and consequential damages

15  regarding the Fort Bridger home in an amount substantially in excess of the

16  minimum jurisdiction of the Court.

17      B.   For interest at 10% on said sums from July, 2008 until paid.

18      C.   For attorney's fees and costs incurred under A.R.S. §12-

19  341.01(A).

20      D.   For such other relief the Court deems appropriate.

21  **COUNT TWO**

22  **(Negligent Misrepresentation)**

23      43.   Allegations 1-42. are relleged herein.

24      44.   Pursuant to the allegations listed above, the Bank provided

25  Perryman with false or incorrect information ("information").

26      45.   Defendant intended that the Plaintiff rely on the information

27  and provided it for that purpose.

28      46.   Defendant failed to exercise reasonable care or competence in

1    obtaining or communicating the information.

2        47.   Plaintiff relied on the information.

3        48.   Plaintiff reliance was justified.

4        49.   As a result, the Plaintiff stands to sustain serious damage,

5    which could result in personal loss of over $450,000 and the loss of

6    additional profits from the sale of his home should Perryman ever decide to

7    sell. Further, the Plaintiff shall be left homeless should the Defendant be

8    allow to continue with their planned conversion of the Plaintiff's home and

9    equity.

10   **WHEREFORE**, Plaintiff requests the entry of judgment for *Negligent*

11   *Misrepresentation* against Wells Fargo Bank as follows:

12       A.   For a sum substantially in excess of the minimum jurisdiction

13   of this Court in an amount to be proven at trial;

14       B.   For interest on said sum at 10% per annum from July, 2008

15   until paid.

16       C.   For attorney's fees, costs and expenses incurred under law; and

17       D.   For such other relief the Court deems appropriate.

18                          **COUNT THREE**

19                            **(Fraud)**

20       50.   Allegations 1-49. are realleged herein.

21       51.   Defendant made certain representations to the Plaintiff that

22   were false when made, pursuant to allegations listed above ("the

23   representations").

24       52.   The representations were false.

25       53.   The representations were material.

26       54.   Defendant knew that the representations were false.

27       55.   Defendant intended that the Plaintiff would act upon the

28   representations in the manner reasonably contemplated, and that Perryman

1   would accept the CLA on the pretense the funds would be timely distributed

2   and that the loan would convert from construction to permanent.

3       56.   Plaintiff did not know that the representations were false.

4       57.   Plaintiff relied upon the truth of the representations.

5       58.   Plaintiff's reliance was reasonable and justified under the

6   circumstances.

7       59.   As a result, the Plaintiff has and will sustain serious damages.

8       60.   The Bank acted in derogation of its own policies, past practice

9   and the CLA, provided unsubstantiated information, refused to release

10  previously approved construction funds on time, and refused to convert the

11  loan in a timely manner from construction status to permanent financing.

12      61.   Further, the decisions of the Bank intentionally delayed the

13  project and delayed construction decisions, and caused the Plaintiff to have

14  strained relationships with the subcontractors.

15      62.   For the conversion of the loan, the Bank has refused all

16  requests to mitigate the damages and provide the Plaintiff with the

17  information needed to move forward with the conversion.

18      63.   The Bank intentionally made a false and inaccurate application

19  and then used the fraudulent information as a basis to deny the Plaintiff

20  with the permanent financing.

21      64.   The Bank's conduct shows evil and malicious intent, spite and

22  ill will, and the Bank acted to serve its own interests, having reason to

23  know and consciously disregarding a substantial risk that its conduct might

24  significantly injure the rights of Plaintiff.

25      **WHEREFORE,** Plaintiff Gary Perryman requests the entry of

26  Judgment for Fraud against defendants Well Fargo Bank pursuant to Section

27  47-5109, as follows:

28          A.   For a sum substantially in excess of the minimum

1    jurisdiction of this Court in an amount to be proven at trial;

2        B.    For interest on said sum at 10% per annum from July,

3    2008 until paid;

4        C.    For attorney's fees, costs and expenses incurred under

5    law;

6        D.    For punitive damages in a substantial amount to punish

7    and deter the Bank from engaging in such malicious and exploitive

8    conduct in the future; and

9        E.    For such other relief the Court deems appropriate.

10   65.    These actions by the Defendant are in violation of Section 44-1522

11   and are deceptive in nature.

12                              **COUNT FOUR**

13                   **(Declaratory Judgment and Injunction)**

14                   **[A.R.S. §12-1801 and §12-1831]**

15   66.    Allegations 1-65 are relleged herein.

16   67.    Pursuant to A.R.S. §12-1801 injunctive relief in favor of the Plaintiff

17   and ordering the Defendant to convert the Plaintiff's construction loan to

18   permanent financing as is appropriate in order to mitigate damages and

19   continue to allow the Plaintiff to live in his primary residence.

20   68.    Pursuant to A.R.S. §12-1831 an actual *claim* or *controversy and*

21   *justifiable issue* exists between these parties.    Plaintiff is entitled to a

22   declaratory judgment that the Defendant has acted unreasonably under the

23   circumstances, has violated the covenant of good faith and fair dealing in

24   the CLA, and negligently supplied the Plaintiff with false or incorrect

25   information as alleged above in Count 2.

26   69.    The home and real property in this action is in American Ranch in

27   Prescott, AZ, a unique and exclusive area of the Arizona with multi-million

28   dollar homes.    Therefore, the property is unique and the money *damages are*

1   *inadequate and mandatory injunctive relief* should be issued.  Accordingly,

2   the court should order the Bank to convert the loan in accordance with their

3   representations to the Plaintiff so that Perryman can remain in his home and

4   not lose his $450,000 investment for no other reason than the planned

5   conversion of the Defendant.  This action will satisfy the Bank's obligations

6   to mitigate damages that will be sustained by the Plaintiff.

7   **70.    The Plaintiff also requests, and is entitled to, an injunction**

8   **prohibiting the Bank from foreclosing on its Deed of Trust.  Based upon**

9   **the allegations, supra, there is a *strong likelihood of success on the***

10  ***merits* in this action.**

11  71.    There is also the possibility or irreparable harm to the Plaintiff if said

12  injunctive relief is not granted, since the American Ranch real estate is

13  unique, a loss of title in foreclosure constitutes irreparable harm.

14  *72.*  A balance of hardships favors the Plaintiff Perryman, as he is an

15  individual that has sustained at least $1,500,000 in compensatory damages

16  and the Bank is a large institutional lender who can sustain a Judgment for

17  $1,500,000 in compensatory damages and $3,000,000 in punitive damages.

18  73.    Injunctive relief would further the public interest, as it would uphold

19  principles of *equity and fairness* and it would uphold the important public

20  policy of *mitigation of damages.*

21  74.    Plaintiff requested that the Bank provide the preapproved permanent

22  financing so that the Plaintiff could continue to live in the home that has

23  over $450,000 of the Plaintiff's investment in it, but the Bank has either

24  refused or ignored the request and has failed to undertake reasonable efforts

25  to get the conversion of the loan from construction to permanent completed

26  in a reasonable time.

27  **WHEREFORE**, the Plaintiff requests the entry of judgment against Wells

28  Fargo Bank for ***Declaratory Judgment*** as alleged more particularly above,

1   as well as a ***Preliminary Injunction*** pursuant to above, in the interest of

2   equity and justice. Further, Plaintiff seeks an award of attorney's fees, costs

3   and expenses incurred herein.

4       DATED this 22nd day of March, 2010.

5

6                                    GARY PERRYMAN

7   ORIGINAL of the foregoing

8   FILED this 22nd day of

9   March, 2010 with:

10

11  Clerk

12  MARICOPA COUNTY SUPERIOR COURT

13  201 W. Jefferson

14  Phoenix, AZ 85003

15

16  _____

17

18

19

20

21

22

23

24

25

26

27

28



**IntelliServe**
Prompt. Documented. Done.
*Powered by IntelliQuick*
IntelliServe@IQCanDo.com
**1-877-277-3188**
Order #: 8442046
Client:

1.   MICHAEL K. JEANES, CLERK
RECEIVED CCC #8
DOCUMENT DEPOSITORY

**10 APR -6  AM 9: 56**

**FILED**
BY D. Stephens , DEP

## IN THE SUPERIOR COURT OF THE STATE OF ARIZONA
## IN AND FOR THE COUNTY OF MARICOPA

GARY PERRYMAN; et al.,
                    Petitioner/Plaintiff(s),

vs.                                                    CASE #: CV2010-009863

WELLS FARGO & COMPANY; et al.,
                    Respondent/Defendant(s).                    AFFIDAVIT OF SERVICE

---

**Ryan O'Neal**_____, the undersigned, certifies under penalty of perjury: I am a registered private process server in the COUNTY OF MARICOPA, I am fully qualified pursuant to the regulations governing Service of Process in the State of Arizona, to serve process in this case, and I received for service the following documents in this action:
**SUMMONS; COMPLAINT**

from __**GARY PERRYMAN with COD FOR INTELLISERVE**__  located in **Phoenix, AZ** on   04/01/2010  . I personally served copies of the documents listed above on those named below at the place shown, in the manner shown, and on the date and time shown. All services, except where noted, were made in *PHOENIX, ARIZONA.*

NAME:    **WELLS FARGO BANK**

DATE & TIME*:        04/02/2010 @ 15:16
ADDRESS:             2338 W Royal Palm Rd Ste J, Phoenix, Arizona 85021,
MANNER:              by serving Ashley Mcauliffe, Service Of Process Coordinator, a person authorized to accept service.
DESCRIPTION:

Ryan O'Neal, #7518

## STATEMENT OF COSTS

| | |
|---|---|
| SERVICE | $ 16.00 |
| MILEAGE | $ 25.60 |
| RUSH FEES | $ 25.00 |
| ADD. MILEAGES | $ |
| LOCATE | $ |
| POSTAL | $ |
| MVD | $ |
| SKIP TRACE | $ |
| SPEC HANDLING | $ |
| STAKEOUT/WAIT | $ |
| COPIES | $ |
| FEE ADVANCE | $ |
| AFFIDAVIT PREP | $ 10.00 |
| TOTAL | $ 76.60 |

State of **ARIZONA**              )
                                  ) ss.
County of **MARICOPA**            )

Subscribed and sworn before me on April 5, 2010.

**NOTARY PUBLIC**

My Commission expires:



OFFICIAL SEAL
ALICIA RAMIREZ
NOTARY PUBLIC  State of Arizona
MARICOPA COUNTY
My Comm. Expires Aug 29, 2011

\* Time of service is reflected in Military Time.

*Perryman v. Wells Fargo & Company, et al.*

**DEFENDANT WELLS FARGO BANK, N.A.'S NOTICE OF REMOVAL**

# EXHIBIT B

Gregory J. Marshall (#019886)
Robert Schwimmer (#027214)
SNELL & WILMER L.L.P.
One Arizona Center
400 East Van Buren
Phoenix, Arizona 85004-2202
602-382-6000
gmarshall@swlaw.com
rschwimmer@swlaw.com

Attorneys for Defendant Wells Fargo Bank, N.A.

## IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

## IN AND FOR THE COUNTY OF MARICOPA

| | |
|---|---|
| GARY PERRYMAN,<br><br>                Plaintiff,<br><br>v.<br><br>WELLS FARGO & COMPANY, a Delaware Corporation; WELLS FARGO BANK, N.A.; WELLS FARGO HOME MORTGAGE, and DOES 1 through 50, inclusive,<br><br>                Defendants. | No. CV2010-009863<br><br>**DEFENDANT WELLS FARGO BANK, N.A.'S NOTICE OF REMOVAL**<br><br>(Assigned to: Honorable Hugh Hegyi) |

Defendant Wells Fargo Bank, N.A. hereby gives notice of removal of this action from the Superior Court of Arizona, Maricopa County, to the United States District Court, District of Arizona. A copy of the Notice of Removal filed with the United States District Court, District of Arizona, is attached as Exhibit 1. Pursuant to 28 U.S.C. § 1446(d), this Court shall proceed no further with this action.

Snell & Wilmer
L.L.P.
LAW OFFICES
One Arizona Center, 400 E. Van Buren
Phoenix, Arizona 85004-2202
(602) 382-6000

DATED this 3rd day of May, 2010.

SNELL & WILMER L.L.P.


By:      /s/Robert Schwimmer
         Gregory J. Marshall
         Robert Schwimmer
         One Arizona Center
         400 East Van Buren
         Phoenix, Arizona  85004-2202
         Attorneys for Defendant Wells Fargo Bank, N.A.


**ORIGINAL** of the foregoing e-filed
this 3rd day of May, 2010.

**COPY** of the foregoing was mailed
this 3rd day of May, 2010 to:

Gary Perryman
10401 E. McDowell Mountain Ranch Road
Suite 2335
Scottsdale, Arizona  85255
*Plaintiff Pro Se*


  /s/Barbara Gallagher
11439787.1

# EXHIBIT 1

1  Gregory J. Marshall (#019886)
   Robert Schwimmer (#027214)
2  SNELL & WILMER L.L.P.
   One Arizona Center
3  400 East Van Buren
   Phoenix, Arizona  85004-2202
4  602-382-6000
   gmarshall@swlaw.com
5  rschwimmer@swlaw.com

6  Attorneys for Defendant Wells Fargo Bank, N.A.

7          **IN THE UNITED STATES DISTRICT COURT**

8            **FOR THE DISTRICT OF ARIZONA**

9  GARY PERRYMAN,                          No.

10              Plaintiff,          **DEFENDANT WELLS FARGO
                                     BANK, N.A.'S NOTICE OF REMOVAL**
11 v.

12 WELLS FARGO & COMPANY, a
   Delaware Corporation; WELLS
13 FARGO BANK, N.A.; WELLS
   FARGO HOME MORTGAGE, and
14 DOES 1 through 50, inclusive,

15              Defendants.

16

17      **PLEASE TAKE NOTICE** that pursuant to 28 U.S.C. §§ 1441 and 1446,

18 Defendant Wells Fargo Bank, N.A. ("Wells Fargo") (improperly named as "Wells Fargo

19 & Company" and "Wells Fargo Home Mortgage") hereby files this Notice of Removal

20 of the state court civil action filed against it that is described below.  The grounds for

21 removal are the following:

22      1.      Gary Perryman ("Plaintiff"), with the filing of the Complaint, commenced

23 this action in the Superior Court of the State of Arizona for the County of Maricopa on

24 March 22, 2010, in Case Number CV2010-009863 (the "Superior Court Action").

25

26

2.      Wells Fargo was served with a copy of the Summons and Complaint on April 2, 2010.  The Summons, Complaint, and Affidavit of Service are attached as Exhibit A.

3.      Removal is timely under 28 U.S.C. § 1446(b), because this Notice is filed within 30 days after receipt by Wells Fargo of a copy of the Complaint, as calculated under Fed. R. Civ. P. 6(a)(1), and within one year of the commencement of the action.

4.      Under 28 U.S.C. § 1441, this Court is the appropriate forum in which to file this Notice of Removal because the United States District Court for the District of Arizona, Phoenix Division, is the federal judicial district embracing Maricopa County, Arizona, the county in which the Superior Court Action was filed.

5.      Upon information and belief, Plaintiff is a resident of the State of Arizona. (Compl. at ¶ 1.)

6.      Wells Fargo was, at the time of the filing of this action, and still is, a foreign entity.  For diversity jurisdiction purposes, a national bank is a citizen of the state designated as its main office on its organization certificate.  28 U.S.C. § 1348; *Wachovia Bank, N.A. v. Schmidt*, 546 U.S. 303, 306 (2006).  Wells Fargo was, at the time of the filing of this action, and still is, a national banking association having its principal place of business in the State of South Dakota.

7.      This is a civil action of which this Court has original jurisdiction pursuant to 28 U.S.C. § 1332.  It may therefore be removed to this Court by Wells Fargo under the provisions of 28 U.S.C. § 1441(b), because it is a civil action between citizens of different states, and the amount in controversy exceeds the sum of $75,000.00, exclusive of interest and costs.  Plaintiff alleges that as a result of Wells Fargo's actions, he has sustained at least $1,500,000 in damages.  He further moves to enjoin the foreclosure of Wells Fargo's deed of trust on 4340 Fort Bridger, Prescott, AZ  86305, which secures a loan with an outstanding principal of $975,739.46.  *See Garfinkle v. Wells Fargo Bank,*

Snell & Wilmer
L.L.P.
LAW OFFICES
One Arizona Center, 400 E. Van Buren
Phoenix, Arizona 85004-2202
(602) 382-6000

- 2 -

483 F.2d 1074, 1076 (9th Cir. 1973).  Although Wells Fargo denies that it is liable to the Plaintiff, Plaintiff nonetheless seeks an amount which exceeds the amount in controversy requirement.

8.      Pursuant to 28 U.S.C. § 1446 and LRCiv 3.7(a), counsel for Wells Fargo caused a copy of this Notice of Removal to be filed with the Clerk of the Superior Court of the State of Arizona in and for the County of Maricopa.  A copy of the state court notice is attached as Exhibit B.

9.      Copies of all other documents filed in the Superior Court are attached as Exhibit C.

WHEREFORE, Defendant Wells Fargo respectfully requests that this Notice of Removal be filed, the Superior Court Action be removed to and proceed hereafter in this Court, and no further proceedings be had in the Superior Court of Maricopa County, State of Arizona.

DATED this 3rd day of May, 2010.

SNELL & WILMER, L.L.P.


By:_____s/Robert Schwimmer_____
        Gregory J. Marshall
        Robert Schwimmer
        SNELL & WILMER L.L.P.
        One Arizona Center
        400 East Van Buren
        Phoenix, Arizona  85004-2202
        Attorneys for Defendant Wells Fargo Bank, N.A.

- 3 -

## CERTIFICATE OF SERVICE

I hereby certify that on the 3rd day of May, 2010, I served the attached document by mail on the following, who is not a registered participant of the CM/ECF System:

Gary Perryman
10401 E. McDowell Mountain Ranch Road
Suite 2335
Scottsdale, Arizona 85255
*Plaintiff Pro Se*


s/Barbara Gallagher

11427630.1

Snell & Wilmer
L.L.P.
LAW OFFICES
One Arizona Center, 400 E. Van Buren
Phoenix, Arizona 85004-2202
(602) 382-6000

*Perryman v. Wells Fargo & Company, et al.*

**DEFENDANT WELLS FARGO BANK, N.A.'S NOTICE OF REMOVAL**

# EXHIBIT C

11475939.1

# The Judicial Branch of Arizona, Maricopa County

**Civil Court Case Information - Case History**

## Case Information

| | | | |
|---|---|---|---|
| **Case Number:** | CV2010-009863 | **Judge:** | Hegyi, Hugh |
| **File Date:** | 3/22/2010 | **Location:** | Downtown |
| **Case Type:** | Civil | | |

## Party Information

| Party Name | Relationship | Sex | Attorney |
|---|---|---|---|
| Gary Perryman | Plaintiff | Male | Pro Per |
| Wells Fargo & Company | Defendant | | Gregory Marshall |
| Wells Fargo Bank N A | Defendant | | Gregory Marshall |
| Wells Fargo Home Mortgage | Defendant | | Pro Per |

## Case Documents

| Filing Date | Description | Docket Date | Filing Party |
|---|---|---|---|
| 4/22/2010 | CAN - Credit Memo Appearance Fee Paid | 4/29/2010 | |
| **NOTE:** PAID | | | |
| 4/6/2010 | AFS - Affidavit Of Service | 4/9/2010 | |
| **NOTE:** WELLS FARGO BANK 04/02/10 | | | |
| 3/22/2010 | COM - Complaint | 3/30/2010 | Plaintiff(1) |
| 3/22/2010 | CCN - Cert Arbitration - Not Subject | 3/30/2010 | Plaintiff(1) |

## Case Calendar

**There are no calendar events on file**

## Judgments

**There are no judgments on file**

MICHAEL K. JEANES, CLERK
BY ~~Deputee~~ /DEP
FILED

NAME: _Gary Perryman_     10 MAR 22  AM 11: 39

ADDRESS: _10401 E. McDowell Mtn Ranch Rd_

CITY, STATE, ZIP: _Scottsdale, AZ 85255_


## IN THE SUPERIOR COURT OF THE STATE OF ARIZONA
## IN AND FOR THE COUNTY OF MARICOPA

_Gary Perryman_                         )
                                         )
———————————————                          )  NO. CV2010 009863
        PLAINTIFF,                       )
                                         )
              vs.                        )  CERTIFICATE OF
_Wells Fargo Home Mortgage_              )  COMPULSORY
_Wells Fargo + Company,_                 )  ARBITRATION
_Wells Fargo Bank N.A._                  )
                                         )
———————————————                          )
        DEFENDANT.                       )
————————————————————————————             )

The undersigned certifies that the largest award sought by the

complainant, including punitive damages, but excluding interest,

attorneys' fees, and costs (does) ~~does not~~ exceed limits set by

Local Rule for compulsory arbitration.  This case ~~is~~ (is not)

subject to the Uniform Rules of Procedure for Arbitration.


SUBMITTED this _22nd_ day of _March_ , 20 _10_ .

BY _Gary Perryman_ _____

Form #200  LRD 3/20/01  ALL RIGHTS RESERVED
© Clerk of Superior Court of Arizona in Maricopa County

CCA

| Person Filing: | **GREGORY J MARSHALL** |
|---|---|
| Address: | **400 E VAN BUREN** |
| City, State, Zip: | **PHOENIX, AZ 85004** |
| State Bar: | **019886** |

```
          MICHAEL K. JEANES
        Clerk of the Superior Court
          By Eva Perez, Deputy
       Date 04/22/2010 Time 13:24:52
Description                    Amount
--------- CASE# CV2010-009863 ---------
CIVIL SEPARATE ANS              223.00

TOTAL AMOUNT                    223.00
          Receipt# 20515203
```

## IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

## IN AND FOR THE COUNTY OF MARICOPA

| | | |
|---|---|---|
| GARY PERRYMAN | ) | **CREDIT MEMO** |
| | ) | |
| vs | ) | |
| | ) | |
| WELLS FARGO & COMPANY | ) | **CASE NO. CV2010-009863** |

RECEIVED FROM:    INTELLISERVE

PAYMENT FOR:    DEFENDANT WELLS FARGO  BANK

**PAYMENT IS FOR THE FOLLOWING:**

☒ 105 CIVIL ANSWER/APPEARANCE FEE:

☐ 115 TRANSMITTAL FEE FOR CHANGE OF VENUE:

☐ 145 JUDGMENT DEBTOR EXAM FEE:

☐ 600 MULTI DOCUMENT FEE:

☐ OTHER:

AMOUNT OF DEPOSIT:    $223.00

**HOW PAID**

☐ CASH:

☒ CHECK    CHECK#2559 BANK NAME:BANK OF AZ

☐ MONEY ORDER//CASHIERS CHECK

☐ MASTER CARD  ☐ VISA

Docket Code
"CME"

1  Gregory J. Marshall (#019886)
   Robert Schwimmer (#027214)
2  SNELL & WILMER L.L.P.
   One Arizona Center
3  400 East Van Buren
   Phoenix, Arizona  85004-2202
4  Telephone:   (602) 382-6000
   Facsimile:   (602) 382-6070
5  Email:       gmarshall@swlaw.com
                rschwimmer@swlaw.com
6

COPY

APR 2 2 2010

7  Attorneys for Defendant Wells Fargo Bank, N.A.

8          IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

9             IN AND FOR THE COUNTY OF MARICOPA

10

11  GARY PERRYMAN,                    No. CV2010-009863

12            Plaintiff,              **NOTICE OF APPEARANCE**

13  v.                                (Assigned to the Honorable Hugh Hegyi)

14  WELLS FARGO & COMPANY, a
    Delaware Corporation; WELLS
15  FARGO BANK N.A.; WELLS FARGO
    HOME MORTGAGE; and DOES 1
16  through 50, inclusive,

17            Defendants.

18

19       NOTICE IS HEREBY GIVEN that Gregory J. Marshall and Robert Schwimmer of

20  the law firm Snell & Wilmer L.L.P. appear as counsel for Defendant Wells Fargo Bank,

21  N.A. (improperly named as "Wells Fargo & Company" and "Wells Fargo Home

22  Mortgage").

23

24

25

26

27

28

Snell & Wilmer
L.L.P.
LAW OFFICES
One Arizona Center, 400 E. Van Buren
Phoenix, Arizona 85004-2202
(602) 382-6000

1    DATED this 22nd day of April, 2010.

2                                SNELL & WILMER L.L.P.

3

4                          By _____
                                Gregory J. Marshall
5                               Robert Schwimmer
                                One Arizona Center
6                               400 East Van Buren
                                Phoenix, Arizona  85004-2202
7                               Attorneys for Wells Fargo Bank, N.A.

8    **ORIGINAL** filed with the Clerk
     of Court this 22nd day of April, 2010
9    and a copy delivered this same day to:

10   The Honorable Hugh Hegyi
     Maricopa County Superior Court
11   101 West Jefferson, ECB-6
     Phoenix, Arizona  85003-2243
12

13   **COPY** of the foregoing mailed this
     22nd day of April, 2010 to:
14

15   Gary Perryman
     10401 E. McDowell Mtn Ranch Rd
16   Suite 2335
     Scottsdale, Arizona  85255
     *Plaintiff Pro Per*
17

18   _____
     11442614
19

20

21

22

23

24

25

26

27

28

1   Gregory J. Marshall (#019886)
    Robert Schwimmer (#027214)
2   SNELL & WILMER L.L.P.
    One Arizona Center
3   400 East Van Buren
    Phoenix, Arizona 85004-2202
4   Telephone:   (602) 382-6000
    Facsimile:   (602) 382-6070
5   Email:       gmarshall@swlaw.com
                 rschwimmer@swlaw.com
6
7   Attorneys for Defendant Wells Fargo Bank, N.A.





8           IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

9                IN AND FOR THE COUNTY OF MARICOPA

10

11  GARY PERRYMAN,                         No. CV2010-009863

12                Plaintiff,               **WELLS FARGO BANK, N.A.'S
                                           MOTION TO CONTINUE DEADLINE
13  v.                                     TO RESPOND TO THE COMPLAINT**

14  WELLS FARGO & COMPANY, a               (Assigned to the Honorable Hugh Hegyi)
    Delaware Corporation; WELLS
15  FARGO BANK N.A.; WELLS FARGO
    HOME MORTGAGE; and DOES 1
16  through 50, inclusive,

17                Defendants.

18

19          Wells Fargo Bank, N.A. ("Wells Fargo") moves to continue its deadline to respond

20  to the complaint for an additional ten (10) days.  Plaintiff served the complaint on Wells

21  Fargo on April 2, 2010, making its response due April 22, 2010.  Plaintiff's 13-page

22  complaint alleges multiple counts against Wells Fargo related to a loan transaction that

23  originated three (3) years ago in 2007.  Wells Fargo requests this continuance so that

24  counsel may gather documents and investigate the Plaintiff's allegations, and

25  meaningfully respond to them.  Counsel undersigned sought a stipulation for continuance

26  from Mr. Perryman, who is representing himself pro se, but Mr. Perryman has not

27  responded.  Thus, in an abundance of caution, Wells Fargo files this Motion.

28

*Snell & Wilmer*
L.L.P.
LAW OFFICES
One Arizona Center, 400 E. Van Buren
Phoenix, Arizona 85004-2202
(602) 382-6000

1   DATED this _2nd_ day of April, 2010.

2                          SNELL & WILMER L.L.P.

3

4                          By _____

5                              Gregory J. Marshall
                               Robert Schwimmer
6                              One Arizona Center
                               400 East Van Buren
7                              Phoenix, Arizona  85004-2202
                               Attorneys for Wells Fargo Bank, N.A.

8   **ORIGINAL** filed with the Clerk
    of Court this _2nd_ day of April, 2010
9   and a copy delivered this same day to:

10  The Honorable Hugh Hegyi
    Maricopa County Superior Court
11  101 West Jefferson, ECB-6
    Phoenix, Arizona  85003-2243
12
    **COPY** of the foregoing mailed this
13  _2nd_ day of April, 2010 to:

14  Gary Perryman
    10401 E. McDowell Mtn Ranch Rd
15  Suite 2335
    Scottsdale, Arizona  85255
16  _Plaintiff Pro Per_

17

18

19  11442529.1

20

21

22

23

24

25

26

27

28

Snell & Wilmer
L.L.P.
LAW OFFICES
One Arizona Center, 400 E. Van Buren
Phoenix, Arizona 85004-2202
(602) 382-6000