GARY PERRYMAN
10401 E. MCDOWELL MTN RANCH RD.
SUITE 2335
SCOTTSDALE, AZ 85255
Telephone:  (480) 371-7992

Pro Per

```
┌────────────────────────────────┐
│ ✓ FILED        ___ LODGED      │
│ ___ RECEIVED   ___ COPY        │
│                                │
│        MAY 2 0 2010            │
│                                │
│   CLERK U S DISTRICT COURT     │
│     DISTRICT OF ARIZONA        │
│ BY_____ P DEPUTY    │
└────────────────────────────────┘
```

IN THE UNITED STATES DISTRICT COURT

IN THE DISTRICT OF ARIZONA

| | |
|---|---|
| GARY PERRYMAN, <br><br> Plaintiff, <br><br> vs. <br><br> WELLS FARGO & COMPANY, a Delaware Corporation, WELLS FARGO BANK N.A., WELLS FARGO HOME MORTGAGE and DOES 1 through 50, inclusive, <br><br> Defendants. | No. CV-10-0963-PHX-LOA <br><br> **PLAINTIFF'S MOTION TO REMAND TO STATE COURT** <br><br> (Request for Hearing) |

Plaintiff Gary Perryman file this Motion to Remand this cause to the Maricopa Superior Court from which Court it was attempted to be removed from and pushed unlawfully to Federal Court.  Defendant Wells Fargo Bank N.A. (not the other named defendants who have not appeared), has:

    1.    Failed to establish that any federal question exists in this case;

    2.    Attempt to seek removal in violation of Rule 11:

    3.    Attempting to remove a case in which two additional parties have not appeared in the matter.

    4.    Attempting to remove this case to federal court solely because state courts across the country are ruling in favor of borrowers.

Accordingly, Defendant's attempt to remove this case to federal court is improper and this case must be remanded to the Maricopa County Superior

1   Court.  Plaintiff supports his Motion to Remand with the following

2   Memorandum of Points and Authorities and the Court record.

3

4                    **MEMORANDUM OF POINTS AND AUTHORTIES**

5   **I.     PROCEDURAL BACKGROUND**

6        The Defendant send a Notification of Default on January 4th, 2010 to

7   the Plaintiff stating that his loan was due in full and that the Plaintiff would

8   risk foreclosure if he did not immediately pay the balance of $977,500 to

9   the bank within 14 days.

10  The Plaintiff has never missed a loan payment, and had a guaranteed

11  construction to permanent loan contract with the Defendant that the

12  Defendant had simply chosen not to provide the conversion loan paperwork

13  to the Plaintiff once the home was completed in July of 2008, even though

14  the Plaintiff has complied with all requests for updated documentation,

15  including tax returns, pay stubs and bank records verifying income.

16        In an effort to stop a potential fraudulent foreclosure, but moreover

17  the Defendant's plan to steal the Plaintiff's $500,000 investment in the

18  completed home, the Plaintiff was forced to file civil complaint Case No.

19  CV2010-009863 with the Maricopa County Superior Court in Phoenix,

20  Arizona on March 22, 2010 (the "Complaint").  The Complaint alleges the

21  claims of breach of contract, negligent misrepresentation, fraud, declaratory

22  judgment and injunction, all claims under Arizona state law.  While the

23  Defendant is indeed in breach of numerous federal statues, the Plaintiff has

24  not brought those claims against the Defendant in this action.

25        On April 2nd, 2010 the Defendant was served with this action.  On

26  May 3rd, 2010 the Defendant filed a Notice of Removal, in which they

27  assert:

28

1

2   "Removal is timely under 28 U.S.C. §1446(b) because this Notice is
    filed within 30 days after receipt by Wells Fargo of a copy of the
3   Complaint, as calculated under Fed.R.Civ.P.6(a)(1) and within one
    year of the commencement of this action." Notice of Removal, p2
4   line 4-6.

5       As well as:

6   "Wells Fargo was, at the time of the filing of this action, and still
7   is, a foreign entity.  For diversity jurisdiction purposes, a national
    bank is a citizen of the state designated as its main office on its
8   organization certificate." Notice of Removal, p2 line 13-15.

9   ## II.   NOTICE OF REMOVAL STANDARD

10  "A motion to remand is the proper procedure for challenging removal,"

11  Moore-Thomas v. Alaska Airlines, Inc. 553 F.3d1241,1244 (9thCir.2009).

12  "A motion to remand the case of the basis of *any defect in removal*

13  *procedure* must be made within 30 days after filing the notice of removal

14  under 1446(a).   If at any time before final judgment it appears that the

15  district court lacks subject matter jurisdiction, the case shall be remanded."

16  Kamm v. ITEX Corporation, 568 F.3d752,755 (9thCir.2009).  Federal

17  removal statute is strictly construed, and any doubt about the removal

18  requires resolution in favor of remand." Moore-Thomas v. Alaska Airlines,

19  Inc. 553 F.3d at 1244, quoting Gaus v. Miles, Inc., 980 F.2d564,566

20  (9thCir.1992).

21  ## III.   LEGAL ANALYSIS

22  ### A.  Defendant Failed to Seek Removal Within Thirty Days of Service.

23  Defendant was served on April 2nd, 2010.  Under 28 U.S.C. §1446(b):
    "The notice of removal of a civil action or proceeding shall be filed
24  within thirty days after the receipt by the defendant through service
    or otherwise, of a copy of the initial pleading setting for the claim
25  for relief upon which such action or proceeding is based, or within
    thirty days after service of summons upon defendant ifs such initial
26  pleading has then been filed in court and is not required to be
27  served on the defendant whichever period is shorter." United Steel
    v. Shell Oil Company, 549 F.3d 1204,1208 (9thCir.2008).
28

1

2    Since the defendant did not seek removal before the expiration date of

3    May 1st, 2010, the Notice of Removal is time-barred and impermissible

4    under 28 U.S.C. §1446(b).

5    B.  **Defendant Failed to Demonstrate That Plaintiff Has any Claim That**

6       **Falls Within the Federal Jurisdiction.**

7    Removal is appropriate only where the change that makes the action

8    removable occurs as a result of a voluntary act by the plaintiff. See Self v.

9    General Motors Corp., 588 F.2d 655,658 ((9$^{th}$Cir.1978).  Other examples

10    include plaintiff adding a claim within the jurisdiction of the federal court.

11    See Rath Packing Co. v. Becker, F.2d 1295,1300-1304 (9$^{th}$Cir.1975).

12    A review of the Plaintiff's complaint reveals that there are no claims

13    that fall within this Court's jurisdiction.  The property is in Arizona, the

14    defendant has offices in the state of Arizona, the plaintiff resides in

15    Arizona, and state statues are in place covering the breach of contract

16    claims of the Plaintiff- this case does not involve reference to any federal

17    program or mandate- it is a straight forward case of fraud and attempted

18    conversion of the Plaintiff's funds and breach of contract, all claims more

19    than adequately covered at the state level, Maricopa Superior Court.

20    In Grable & Sons Metal Products, Inc. v. Darue Engineering and

21    Manufacturing, 545 US 308,312 (2005), the 9th Court deals with whether or

22    not a substantial claim exists that justifies and is substantial enough to

23    move a claim from state court to federal court jurisdiction. Judge Murgula

24    of the 9th district summarized the Grable rule:

25

26    The Supreme Court has called the Grable rule 'special,' noting that it encompasses no more than a 'small category' of cases.  The

27    Supreme Court further emphasized that 'it takes more than a federal element to open the arising under door.'  This comports with the

28    Ninth Circuit's pre-Grable rule that federal 'jurisdiction over a

MOTION TO REMAND TO STATE COURT

1     state-law claim is not created just because a violation of federal law
is an element of the state law claim.' Furthermore, merely because
2     'a state law claim can be supported by alternative and independent
theories some of which is a state law theory and one of which is a
3     federal law theory-federal question jurisdiction does not attach..."
4     Countless claims can be said to depend in some way on federal
propositions, yet not all such cases 'arise under' federal lay, and
5     the mere appearance of a federal issue is not 'a password opening
6     federal courts to any stat e action embracing a point of federal law.

7     not a substantial claim exists that justifies and is substantial enough to

8     There are no claims made by the Plaintiff that would not be able to be

9     proven in state court, the allegations of fraud, breach of contract,

10    negligence, and an enjoiner to prohibit an attempt by Wells Fargo to try to

11    foreclosure on a property that has never been in any type of default.

12    Therefore, the Defendant has not raised any substantial federal issue that

13    would warrant trigging federal jurisdiction.

14    **C. State Courts are the Proper Venue for Borrower Lender Disputes.**

15        The propensity of state court rulings are against lenders when lenders

16    refused to extend the terms of their contractual obligations for loan

17    conversions to borrowers. In <u>IndyMac Bank F.S.B. v Yano-Horoski</u>, (2009

18    NY Slip Op 52333(U)). The facts in IndyMac are related to this case.

19    Despite numerous requests IndyMac refused to offer its distressed

20    borrowers a loan modification. IndyMac commenced a lawsuit to foreclose

21    on the property after not providing the loan. That is similar to this case,

22    except in this case Wells Fargo intentionally defrauded the Plaintiff and

23    breached their contract in which they committed to provide ongoing

24    financing after the completion of the home. This is Wells Fargo's plan to

25    steal the $500,000 investment that the Plaintiff has made in the property by

26    calling the loan in full instead of converting the loan to a permanent loan

27    product, as they committed to do in the original loan agreements.

28        On November 18th, 2009 the court held a hearing whereby IndyMac

MOTION TO REMAND TO STATE COURT

1   argued (among other things) that the foreclosure should commence because
2   the borrowers failed to qualify for a loan modification.   The court was
3   disgusted with IndyMac's desire to ignore modification attempts, given the
4   modification of loans that are now commonplace across the country. As a
5   result of IndyMac's numerous attempts to avoid modification of the loan,
6   the court "vacated the foreclosure and cancelled, voided & nullified the
7   mortgage." See Plaintiff's Exhibit A.

8        Plaintiff recognizes that the IndyMac case is a New York stat case,
9   not an Arizona case.   Nevertheless, with few cases yet addressing lender
10  fraud actions this Court can use the IndyMac case as guidance to
11  substantiate that the Plaintiffs' case in not suitable for a removal from state
12  court to this Court.

13  **IV. PROPER VENUE**

14  According to Fed.R.Civ.P 12(b) federal court is the improper venue for this
15  action.   Wells Fargo has operations in Arizona, is doing business in
16  Arizona, and entered into this legal contract in Arizona.   In order to show
17  proper venue, there must be a preponderance of the evidence, as in Gulf Ins.
18  Co. v. Glasbrenner, 417 F.3d 353,62 Fed.R.Serv. 3d 592 (2nd Cir, 2005).
19  Should this motion not be granted, a motion to dismiss on grounds of
20  improper venue would be necessary because there does not exist a reason to
21  move this case to the Federal Court.   It is unreasonable for a national bank
22  to assume that all litigation is by default federal just because Wells Fargo
23  has one of many of its corporate headquarters in South Dakota.   In addition,
24  the Plaintiff has named three agencies of Wells Fargo, and Snell and
25  Wilmer the attorneys in this case, represent only one entity- Wells Fargo
26  Bank, N.A.   While they can say all the entities are the same, they have not
27  filed any moving papers for a joiner.   Therefore, all the entities named
28  defendants are still to this day independent defendants, and Snell cannot

MOTION TO REMAND TO STATE COURT

1  arbitrary speak for the other defendants and move the case to federal court

2  because it suits their agenda to not be subject to the overwhelming

3  precedence of rulings in favor of the Plaintiff's in the matters of loan

4  conversions and modifications.

5  **V. CONCLUSION**

6  The defendant failed to seek removal within thirty days of receiving the

7  Plaintiffs' Complaint as well as failed to establish that there is any valid

8  reason to move this case from Superior Court the Federal Court.  The only

9  thing Wells Fargo is claiming is that they are a foreign entity- well foreign

10  entities are still held to the same statues as domestic entities and as long as

11  Wells operates businesses in this state- they are fully obligated to comply

12  with state laws and abide by jurisdictional guidelines- period.  Lastly, the

13  early precedent in this county indicates that state courts rule on wrongful

14  foreclosure cases.  For these reasons, the Plaintiff respectfully requests that

15  this Court:

16       1)     Remand this action to the Maricopa County Superior Court.

17       2)     Award the Plaintiff attorney's fees and costs in filing this

18              Motion to Remand.

19

20       DATED this 20th day of May 2010.

21

22                                               GARY PERRYMAN

23  ORIGINAL of the foregoing

24  FILED this 20th day of  May, 2010 with:

25

26  Clerk

27

28  _____

20312193v1                          - 7 -