Gregory J. Marshall (#019886)
Robert Schwimmer (#027214)
SNELL & WILMER L.L.P.
One Arizona Center
400 East Van Buren
Phoenix, Arizona 85004-2202
Telephone: (602) 382-6000
Facsimile: (602) 382-6070
gmarshall@swlaw.com
rschwimmer@swlaw.com
Attorneys for Defendant Wells Fargo Bank, N.A.

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Gary Perryman,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>Wells Fargo & Company, a Delaware Corporation; Wells Fargo Bank, N.A.; Wells Fargo Home Mortgage, and DOES 1 through 50, inclusive,<br><br>　　　　　　Defendants. | No. 10-CV-00963-PHX-ROS<br><br>**DEFENDANT WELLS FARGO BANK, N.A.'S RESPONSE TO PLAINTIFF'S MOTION TO REMAND** |

　　　　Defendant Wells Fargo Bank, N.A. ("Wells Fargo"), improperly named as Wells Fargo & Company and Wells Fargo Home Mortgage, opposes Plaintiff's Motion to Remand. This Motion is supported by the following Memorandum of Points and Authorities, and the Court's record.

## MEMORANDUM OF POINTS AND AUTHORITIES

**I.　　BACKGROUND**

　　　　Plaintiff filed his Complaint in Superior Court on March 22, 2010. (*See* Complaint, attached to Notice of Removal [Dkt. # 1] at Exhibit A.) On April 2, 2010, Plaintiff served Wells Fargo with a copy of the Summons and Complaint. (*See* Affidavit of Service, attached to Notice of Removal [Dkt. # 1] at Exhibit A.) No other defendants were served. *See id.* On May 3, 2010, Wells Fargo removed Plaintiff's action to this Court pursuant to 28 U.S.C. §§ 1441 and 1446, and LRCiv 3.7. (*See* Notice of Removal

[Dkt. # 1].)  Thereafter, Plaintiff filed his Motion to Remand, arguing that Wells Fargo's removal was improper for several reasons, both substantive (*i.e.*, whether federal law permits Wells Fargo to remove this action pursuant to 28 U.S.C. § 1441) and procedural (*i.e.*, whether Wells Fargo followed the proper removal procedure pursuant to 28 U.S.C. § 1446 and LRCiv 3.7).  (*See* Dkt. # 11.)  As explained below, Plaintiff's arguments are unavailing.

## II.     ARGUMENT.

### A.     Plaintiff's Substantive Arguments Fail.

#### 1.     Plaintiff's argument that Wells Fargo's removal was improper because Plaintiff did not allege any federal claims is inapposite.

Plaintiff argues that Wells Fargo "[f]ailed to establish that any federal question exists in this case" (Dkt. # 11 at 1:20) and, similarly, that it "failed to demonstrate that Plaintiff has any claim that falls within the federal jurisdiction." (*Id.* at 4:5-6.)  Because Wells Fargo did not remove this action on the ground that this Court has original jurisdiction founded on a claim or right "arising under the Constitution, treaties or laws of the United States," 28 U.S.C. §§ 1331, 1441(b), Plaintiff's argument is inapposite.  What Plaintiff fails to recognize is that federal courts exercise original jurisdiction over "all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States . . . ."  28 U.S.C. § 1332(a)(1).

While difficult to ascertain, Plaintiff may be attempting to argue that diversity jurisdiction is lacking because "[t]he property is in Arizona, the defendant has offices in the state of Arizona, the plaintiff resides in Arizona, and state statutes are in place covering the breach of contract claims of the Plaintiff." (Dkt. # 11 at 4:13-16.)  With the exception of Plaintiff's citizenship, however, these factors do not affect the jurisdiction of the Court to hear this matter.  While Wells Fargo has branches in Arizona, for purposes of diversity jurisdiction, a national bank is a citizen of only "the State designated in its

1  articles of association as its main office." *Wachovia Bank v. Schmidt*, 546 U.S. 303, 318
2  (2006).

3        Plaintiff does not dispute that Wells Fargo's articles of association designate that
4  its main office is in South Dakota, nor does Plaintiff dispute that he is a citizen of
5  Arizona. Thus, this action is between citizens of different States. Because Plaintiff
6  concedes that the amount in controversy exceeds $75,000 by arguing that Wells Fargo is
7  attempting to "steal the Plaintiff's $500,000 investment in the completed home," (Dkt. #
8  11 at 2:17-18; *see also* Dkt. # 1 (Notice of Removal), at ¶ 7.), the requirements of
9  diversity of citizenship are met. *See* 28 U.S.C. § 1332(a)(1). This Court has subject
10 matter jurisdiction over this controversy.

**2.  Plaintiff's assertion that venue in federal court is improper is incorrect.**

Plaintiff argues both that "State courts are the proper venue for borrower lender [sic] disputes" and that "federal court is the improper venue for this action." (Dkt. # 11 at 5:14, 6:14-15.) While venue may be properly had in State court, venue is also proper in this Court, and Plaintiff fails to cite any law demonstrating otherwise. Specifically, Plaintiff cites to Rule 12(b) in support of his argument that "federal court is the improper venue for this action." Although Rule 12(b)(3) permits a *defendant* to file a motion to dismiss for improper venue, it does not provide a basis for determining proper venue. Plaintiff's reliance upon Rule 12(b) is misplaced.

28 U.S.C. § 1441(a) provides that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." *See also Polizzi v. Cowles Magazines, Inc.*, 345 U.S. 663, 665 (1953) ("The venue of removed actions is governed by 28 U.S.C. § 1441(a)…"). Plaintiff filed his action in the Maricopa County Superior Court in Arizona. (*See* Complaint, attached as Ex. A to Dkt. # 1.) Because the

- 3 -

Arizona District Court represents the federal judicial district and division embracing Maricopa County, Arizona, venue in this Court is proper.[1]

### 3. Plaintiff is incorrect that removal is improper because two named defendants have not appeared.

Plaintiff argues that removal of this action to district court is improper because "two additional parties have not appeared in the matter." (Dkt. # 11 at 1:22-23 and 6:24-7:4.) Wells Fargo understands Plaintiff to be referring to Wells Fargo Home Mortgage and Wells Fargo & Company, both named in the caption of the Complaint. Plaintiff is incorrect for several reasons:

First, Wells Fargo Home Mortgage is not a legal entity, but a division of Wells Fargo Bank, N.A. Wells Fargo made this fact clear when removing this action by stating that Wells Fargo Bank, N.A. was "improperly named as Wells Fargo Home Mortgage." (Dkt. # 1.) While Wells Fargo & Company is a legal entity, it is merely the parent company of Wells Fargo Bank, N.A. Recognizing that Plaintiff is representing himself pro se, Wells Fargo removed, noting that it was improperly named as its corporate parent. To the extent that Plaintiff intends to join Wells Fargo & Company as a defendant, its joinder is improper as no claims are stated against it, nor could there be. Plaintiff alleged no dealings with Wells Fargo & Company. *See* 28 U.S.C. § 1441(b) (diversity only required of parties that are properly joined and served); *see also, e.g., Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1193 n.1 (9th Cir. 1988) (fraudulently joined parties need not join in the petition for removal).

Second, because Plaintiff did not serve the improperly joined defendants, (*see* Dkt. # 1 at Ex. A) (affidavit of service returned only for "Wells Fargo Bank"), their consent or joinder to removal was not necessary for purposes of analyzing whether removal was

---

[1] Plaintiff's discussion of *IndyMac Bank F.S.B. v. Yano-Horoski* seems intended to support his contention that "state courts rule on wrongful foreclosure cases." (*See* Motion at Section III(C), 7:12-14.) Even if Plaintiff had asserted a wrongful foreclosure claim, which he has not, whether State courts can rule on a given claim is not relevant to determining the propriety of removal.

- 4 -

proper.  *See id.*; *Schwartz*, 947 F. Supp. at 1362 ("Those named as defendants but not yet served in the state court action need not join the notice of removal.").

Third, by removing this action to district court on behalf of "Wells Fargo Bank, N.A. (improperly named as 'Wells Fargo & Company' and 'Wells Fargo Home Mortgage')," (*see* Dkt. # 1 at ¶ 1), this Court may deem the removal on behalf of all Wells Fargo named defendants to the extent that they are deemed properly joined and served.

### B. Plaintiff's Procedural Argument Fails.

Plaintiff correctly cites 28 U.S.C. § 1446(b), which requires a defendant to file its notice of removal, if at all, "within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." (Dkt. # 11 at 3:24-28.)  Despite Wells Fargo's citation to Fed. R. Civ. P. 6(a)(1) in its Notice of Removal, (Dkt. # 1 at ¶ 3), Plaintiff has failed to take the Rule into account in arguing that Wells Fargo's removal was untimely.

Plaintiff served Wells Fargo on April 2, 2010.  (*See* Dkt. # 11 at 3:23.)  Absent Rule 6(a)(1), the thirty-day window for removal would have expired on Sunday, May 2, 2010.  However, when calculating the expiration of a period of time stated in days, Rule 6(a)(1)(C) directs one to "include the last day of the period, but if the last day is a Saturday, Sunday, or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday."  Rule 6(a) applies when "computing any time period specified in [the federal rules of civil procedure], in any local rule or court order, or in any statute that does not specify a method of computing time."  Because 28 U.S.C. § 1446 does not specify a method of computing time, Rule 6(a) governs.  *See generally*, 28 U.S.C. § 1446; *see also Owens v. General Dynamics Corp.*, 686 F. Supp. 827, 829 (S.D. Cali. 1988) ("The time limitations in Section 1446 are mandatory and must be strictly construed in accordance with the computation principles in Federal Rule of Civil Procedure 6." (citing 14A Wright, Miller & Cooper, *Federal Practice and Procedure* § 3732 at 527 (1985)).

Here, the last day of the thirty-day period would have fallen on Sunday, May 2, 2010.[2] Because May 2nd was a Sunday, however, the thirty-day period continued to run until the end of the next day that was not a Saturday, Sunday, or legal holiday pursuant to Rule 6(a). The next such day was Monday, May 3, 2010. Because Wells Fargo filed its Notice of Removal on May 3rd, its removal was timely.

### III.  CONCLUSION

For the foregoing reasons, Wells Fargo's removal was proper, and Wells Fargo requests that the Court deny Plaintiff's Motion to Remand. (Dkt. # 11.)

DATED this 4th day of June, 2010.

> SNELL & WILMER, L.L.P.
>
>
> By: s/Robert Schwimmer
> Gregory J. Marshall
> Robert Schwimmer
> One Arizona Center
> 400 East Van Buren
> Phoenix, Arizona  85004-2202
> Attorneys for Defendant Wells Fargo Bank, N.A.

### CERTIFICATE OF SERVICE

I hereby certify that on the 4th day of June, 2010, I served the attached document by mail on the following, who is not a registered participant of the CM/ECF System:

> Gary Perryman
> 10401 E. McDowell Mtn. Ranch Rd.
> Suite 2335
> Scottsdale, AZ 85255
> Plaintiff *Pro Se*

> s/Barbara Gallagher

11572884

---

[2] Plaintiff mistakenly believes that the expiration date was May 1, 2010. (*See* Dkt. # 11 at 4:2-3.) While this calculation is incorrect, *see* Rule 6(a)(1)(A) ("exclud[ing] the day of the event that triggers the period"), because May 1, 2010 was a Saturday, the legal analysis remains the same.