Gregory J. Marshall (#019886)
Robert Schwimmer (#027214)
SNELL & WILMER L.L.P.
One Arizona Center
400 East Van Buren
Phoenix, Arizona  85004-2202
Telephone: (602) 382-6000
Facsimile: (602) 382-6070
gmarshall@swlaw.com
rschwimmer@swlaw.com
Attorneys for Defendant Wells Fargo Bank, N.A.

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Gary Perryman,<br><br>                         Plaintiff,<br><br>v.<br><br>Wells Fargo & Company, a Delaware Corporation; Wells Fargo Bank, N.A.; Wells Fargo Home Mortgage, and DOES 1 through 50, inclusive,<br><br>                         Defendants. | No. 10-CV-00963-PHX-ROS<br><br>**WELLS FARGO BANK, N.A.'S MOTION TO DISMISS, OR IN THE ALTERNATIVE, MOTION FOR MORE DEFINITE STATEMENT** |

Defendant Wells Fargo Bank, N.A. ("Wells Fargo"), improperly named as Wells Fargo & Company and Wells Fargo Home Mortgage, moves to dismiss Plaintiff's Complaint pursuant to Fed. R. Civ. P. 8(a), 9(b), and 12(b)(6) for failure to state a claim upon which relief can be granted, or in the alternative, for a more definite statement of the claims pursuant to Fed. R. Civ. P. 12(e).  This Motion is supported by the following Memorandum of Points and Authorities, and the Court's record.

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. BACKGROUND

This action arises out of a loan agreement for the construction of a personal residence. Plaintiff alleges that the present dispute is governed by a Construction Loan Agreement between him and Wells Fargo (the "CLA").[1] *See* Compl. at ¶ 4. In Plaintiff's words, "[t]his action arises out of the Bank's refusal to convert the construction loan to a permanent loan, in accordance with the agreement executed between the parties and the continued representations made by the Bank." *See id*. at ¶ 7.

Plaintiff alleges that after taking over certain construction tasks in the winter of 2008, securing construction draws from Wells Fargo "became increasingly difficult." *See* Compl. at ¶¶ 10 and 11. He further alleges that Wells Fargo, "[i]ntentionally and in an effort to deceive [Plaintiff], [] knowingly and maliciously withheld construction funds." *See id*. at ¶ 13. Plaintiff alleges that he continued construction using his own funds, completing construction on July 9, 2008. *Id.* While the maturity date of the promissory note was originally April 4, 2008, *see id*. at ¶ 1, *see also* Promissory Note, attached as Exhibit B, at p. 2, the allegations are that Wells Fargo extended the maturity date through construction completion. *See* Compl. at ¶ 14. After an inspector certified that construction was complete, the allegations are that Wells Fargo released the remaining construction funds. *See id*. at ¶ 28.

---

[1] While the Plaintiff alleges that the CLA was dated 4/2/07, Wells Fargo understands the CLA to be the one dated 3/30/07. *See* Residential Construction Loan Agreement, attached as Exhibit A. The other relevant agreement is the promissory note, also dated 3/30/07, and its corresponding security agreement. *See* Ex. B. This Court may consider these documents without converting this motion into one for summary judgment because the Plaintiff references the CLA in the Complaint, and both documents are central to the allegations. *See* e.g., *Cumis Ins. Co. Inc. v. Merrick Bank Corp.*, No. CV-07-374-TUC-CKJ, 2008 WL 4277877 at *9-10 (D. Ariz. Sept. 18, 2008) (contract that is central to a parties' complaint is not a matter outside the pleadings and is properly considered in deciding a 12(b)(6) motion).

In April 2009, the Plaintiff alleges that Wells Fargo denied his application for permanent financing, which would otherwise payoff his construction loan that had matured. *See* Compl. at ¶ 21. While Plaintiff alleges that he "believed" that Wells Fargo had previously committed to convert his construction loan to permanent financing, the Plaintiff has not cited to any term of the CLA binding Wells Fargo to provide permanent financing, or any other agreement, nor does the Plaintiff allege any specific representation made by Wells Fargo to him that permanent financing would be provided to him unconditionally. *See id*. at ¶¶ 14 and 21.

Wells Fargo informed Plaintiff of his default under the promissory note on January 4, 2010. *See* Compl. at ¶ 30. Thereafter, the Plaintiff filed this action alleging the following claims against Wells Fargo: (1) breach of contract, (2) negligent misrepresentation, (3) fraud, and (4) declaratory judgment and injunction. Because the Plaintiff's factual allegations, taken as true, fail to state a claim under any of the aforementioned causes of action, the Plaintiff fails to state any claim upon which relief can be granted.

## II. LEGAL STANDARD

To survive a 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, ___ U.S. ___, 129 S.Ct. 1937, 1949 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* A complaint must therefore contain more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555. The "plausibility" standard "asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line

between possibility and plausibility of "entitlement to relief." '" *Iqbal*, 129 S.Ct. at 1949 (citing *Twombly*, 550 U.S. at 556, 557).

While, at the motion to dismiss stage, "[a]ll allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party," *Smith v. Jackson*, 84 F.3d 1213, 1217 (9th Cir. 1996), "legal conclusions couched as factual allegations are not given a presumption of truthfulness." *Lazarescu v. Arizona State University*, 230 F.R.D. 596, 601 (D.Ariz. 2005) (Silver, J.) (citing *Pareto v. FDIC*, 139 F.3d 696, 699 (9th Cir. 1998)); *see also Iqbal*, 129 S.Ct. at 1949-50. Thus, "conclusory allegations of law and unwarranted inferences are not sufficient to defeat a motion to dismiss." *Lazarescu*, 230 F.R.D. at 601 (quoting *Pareto*, 139 F.3d at 699).

## III. ARGUMENT

### A. Plaintiff Fails to State a Claim for Breach of Contract.

To present a claim for breach of contract, the Plaintiff must allege the existence of a contract, its breach, and damages. *E.g.*, *Chartone, Inc. v. Bernini*, 207 Ariz. 162, 170, 83 P.3d 1103, 1111 (Ct. App. 2004). For a contract to exist, "there must be an offer, an acceptance, consideration, and sufficient specification of terms so that the obligations involved can be ascertained." *See, e.g., Contempo Constr. Co. v. Mountain States Tel. & Tel. Co.*, 153 Ariz. 279, 281, 736 P.2d 13, 15 (App. 1987). Where there are conditions precedent to the acceptance of an offer, those conditions must be satisfied before the offeror is bound. *See Roscoe v. Bankers Life Ins. Co. of Neb.*, 22 Ariz. App. 282, 285, 526 P.2d 1080, 1083 (App. 1974).

While the Plaintiff's allegations are difficult to decipher, there are no allegations, nor could there be, that Wells Fargo breached any specific term of the CLA or the promissory note, attached as Exhibits A and B. Inasmuch as the Plaintiff has not identified any term of the CLA or promissory note that Wells Fargo breached, must less damages flowing from any alleged breach, the Plaintiff has not stated a claim for breach

of contract. Any such claim that the Plaintiff attempts to state in his Complaint should therefore be dismissed.

Inasmuch as the Plaintiff claims that Wells Fargo breached the covenant of good faith and fair dealing implied in the CLA, *see* Compl. at ¶¶ 39 – 41, the allegations fall short of stating a claim. In addition to there being no factual allegations supporting breach, nor any causal connection between breach and damages, the implied covenant of good faith and fair dealing merely obligates Wells Fargo not to prevent the Plaintiff from enjoying the benefits of the CLA. It does not obligate Wells Fargo to convert or modify his existing loan into permanent financing. As a result, the Court should dismiss this claim with prejudice.

### 1. Plaintiff's factual allegations are deficient as to breach and damages.

Plaintiff alleges that Wells Fargo had a duty, "to see to timely distributions of the funds in order to support the conversion to a permanent loan" and that this duty "required the Bank not to do anything that would prevent [Plaintiff] from receiving the benefits of the conversion from construction to permanent loan financing." *See* Compl. at ¶¶ 37 – 39. He further alleges that Wells Fargo's, "refusal to provide disbursements in a timely manner intentionally moving the completion past April of 2008 was a breach of the express covenants of reasonableness in the CLA and a breach of the implied covenant of good faith and fair dealing." *See id.* at ¶ 42.

As a preliminary matter, the Plaintiff also alleged that Wells Fargo extended the maturity date of the promissory note through construction completion (*i.e.*, from April 2008 to July 2008), and further alleges that Wells Fargo released the remaining construction funds upon the completion of the construction. *See* Compl. at ¶¶ 14 and 28. Plaintiff pleads no damages resulting from alleged untimely disbursements, and the factual allegations do not support any. In short, the Plaintiff fails to allege any

1 relationship between the delayed disbursements and Wells Fargo's denial of permanent
2 financing.

3 Moreover, inasmuch as the Plaintiff alleges that the "[s]tandards of
4 reasonableness and timely completion are expressly stated in the CLA," *see* Compl. at ¶
5 35, the Plaintiff fails to identify the standard to which he refers, nor does the Plaintiff
6 allege facts as to how the timing of any disbursement was unreasonable such that Wells
7 Fargo should be liable for breach of the implied covenant of good faith and fair dealing.
8 Taken as a whole, the Plaintiff's allegations are nothing more than the type of
9 conclusory allegations of law that are not sufficient to defeat a motion to dismiss. *See*
10 *Lazarescu*, 230 F.R.D. at 601.

**2.    The implied covenant does not require Wells Fargo to provide permanent financing.**

13 The law implies the covenant of good faith and fair dealing only in connection
14 with a contract. *See Rawlings v. Apodaca,* 151 Ariz. 149, 153, 726 P.2d 565, 569 (1986)
15 ("The duty arises by virtue of a contractual relationship."). "The essence of that duty is
16 that neither party will act to impair the right of the other to receive the benefits which
17 flow from their agreement." *Rawlings v. Apodaca*, 151 Ariz. 149, 153-54, 726 P.2d 565,
18 569-70 (1986) (*quoted in Southwest Savings and Loan Association v. Sunamp Systems,*
19 *Inc.*, 172 Ariz. 553, 557, 838 P.2d 1314, 1318 (Ct. App. Div. 1 1992)). Thus, the
20 covenant "is limited to assuring compliance with the express terms of the contract…"
21 *McKnight v. Torres*, 563 F.3d 890, 893 (9th Cir. 2009).

22 While the Plaintiff alleges that Wells Fargo was contractually obligated to convert
23 the Plaintiff's construction loan to permanent, *see*, *e.g.*, Compl at ¶¶ 14 and 30, the
24 Plaintiff does not identify any term in the CLA, or any other written agreement, that so
25 provides, nor do the contracts attached as Exhibits A and B reveal any. As the CLA
26 does not so much as mention the conversion of the Plaintiff's construction loan to a

- 6 -

permanent loan, the conversion is not a benefit "flowing" from the CLA. Plaintiff cannot use the implied covenant to obligate Wells Fargo to perform on a contract that does not exist. *See McKnight*, 563 F.3d at 893.

### 3. Plaintiff does not allege the terms of any permanent financing that could be enforced.

As the Arizona Supreme Court has made clear, "the requirements of an enforceable contract are an offer, an acceptance, consideration <u>and sufficient specification of terms so that the parties' obligations can be determined</u>." *Flory v. Silvercrest Indus., Inc.*, 129 Ariz. 574, 581, 633 P.2d 383, 390 (1981) (emphasis added). *See also Muchesko v. Muchesko*, 191 Ariz. 265, 268, 955 P.2d 21, 24 (App. 1997) (same). In other words, to state a claim, the Plaintiff must either plead the terms of the contract he seeks to enforce, or attach a copy of the contract containing the terms. Plaintiff has done neither.

Plaintiff's failure to plead the terms of the contract he seeks to enforce is significant because absent contact terms, there is nothing for this Court to enforce. For example, was the interest rate to be fixed or adjustable? If adjustable, how was it to be determined? Plaintiff has not alleged the terms of repayment, or the maturity date. Were payments to be monthly? What amount? Would payments be interest only, or would some component reduce principal? When was the loan to be repaid? 15 years? 30 years? Was there to be a security agreement, and what were its terms? Given the multiplicity of loan products available, the glaring failure to plead the terms precludes a finding that a claim has been stated.

For example, in *Superior Federal Bank v. Mackey*, 129 S.W.3d 324 (Ark. App. 2003), the construction financing at issue was held unenforceable because the parties did not agree on all essential terms. "[I]n the case at bar, a court could not enforce such an agreement without adding certain essential terms. Although the May 18 letter contains

the amount of the loan, it does not contain a repayment schedule, a term of the loan, or an interest rate. These are essential terms of a loan commitment letter." *Id*. at 338 (emphasis added). The Court should not allow this claim to proceed when Plaintiff can neither plead the terms of the contract he seeks to enforce, nor sufficiently identify the contract, such that the terms can be ascertained.

Moreover, there are no factual allegations supporting mutuality. "Mutuality of obligation is a requirement for a valid contract" and "mutuality is absent when only one of the contracting parties is bound to perform." *Carroll v. Lee*, 148 Ariz. 10, 13, 712 P.2d 923, 926 (1986). Here, there are no factual allegations, nor could there be, that the Plaintiff was ever obligated to accept permanent financing from Wells Fargo. Rather, it appears from Plaintiff's allegations that only Wells Fargo undertook any obligation. One sided obligations do not state a claim for breach of contract. There must be bilateral obligations, and none are alleged.

Under similar circumstances, the Arkansas Court of Appeals in *Mackey*, *supra*, held that a conditional commitment letter to provide financing "lack[ed] the mutuality required of a contract because it imposed no obligation on the [borrower]." 129 S.W.3d at 339. That is, "the [borrower] could have walked away from [the lender] and obtained financing at another institution, and [the lender] would have had no right to enforce any obligation." *Id*. As the Plaintiff has failed to allege any facts that he was obligated to accept a loan from Wells Fargo, mutuality is absent, and the breach of contract claim is deficient.

**B.     Plaintiff Fails to State a Claim for Negligent Misrepresentation.**

To state a claim for negligent misrepresentation, a plaintiff must allege that: (1) the defendant made a false representation for the plaintiff's guidance; (2) that the defendant failed to exercise reasonable care in obtaining or communicating the information; (3) that the plaintiff justifiably relied on the information; and (4) that the

plaintiff suffered damages as a result. *See St. Joseph's Hosp. & Med. Center v. Reserve Life Ins. Co.*, 154 Ariz. 307, 312, 742 P.2d 808, 813 (1987).

To support his negligent misrepresentation claim against Wells Fargo, the Plaintiff merely recites the elements of the claim. *See* Compl. at ¶¶ 43 – 49. He does not identify any specific representation that Wells Fargo made, when it was made, or who made it. Rather, he alleges only that Wells Fargo "provided [Plaintiff] with false or incorrect information," and refers generally to the allegations in his Complaint. *Id*. at ¶ 44. Plaintiff has not identified any representation made by Wells Fargo that was false, alleged any facts that Wells Fargo failed to exercise reasonable care in making the false representation, or alleged any *facts* supporting detrimental reliance. These are precisely the type of conclusory recitations of the elements of the cause of action that cannot survive dismissal under Fed. R. Civ. P. 8 and 12(b)(6). *See Twombly*, 550 U.S. at 555 ("A complaint must contain more than "a formulaic recitation of the elements of a cause of action.").

Although the purported basis for the Plaintiff's negligent misrepresentation claim is unclear from his Complaint, it appears to be based on the allegation that Wells Fargo misrepresented that it would convert his construction loan into permanent financing. *See*, *e.g.*, Compl. at ¶ 7. If so, Plaintiff's negligent misrepresentation claim fails as a matter of law because it is well-settled in Arizona that "[a] promise of future conduct is not a statement of fact capable of supporting a claim of negligent misrepresentation." *McAlister v. Citibank*, 171 Ariz. 207, 215, 829 P.2d 1253, 1261 (App. 1992). Thus, the Plaintiff's negligent misrepresentation claim must be dismissed for failure to state a claim.

**C.    Plaintiff Fails to State a Claim for Fraud.**

To state a claim of fraud under Arizona law, a plaintiff must allege, *with particularity*, "(1) a representation; (2) its falsity; (3) its materiality; (4) the speaker's

knowledge of its falsity or ignorance of its truth; (5) the speaker's intent that it be acted upon by the recipient in the manner reasonably contemplated; (6) the hearer's ignorance of its falsity; (7) the hearer's reliance on its truth; (8) the right to rely on it; (9) his consequent and proximate injury." *Enyart v. Transamerica Ins. Co.*, 195 Ariz. 71, 77, 985 P.2d 556, 562 (App. 1998); Fed. R. Civ. P. 9(b).  "Courts in [the Ninth C]ircuit have consistently held that Rule 9(b) requires the inclusion of specific facts regarding the fraudulent activity <u>such as the time, dates, places, content of the alleged fraudulent representation, why or how the alleged fraudulent representation is false, and, in some instances, the identity of the person engaged in the fraud</u>." *In re PetSmart, Inc. Sec. Litig.*, 61 F. Supp. 2d 982, 988 (D. Ariz. 1999) (emphasis added).

Plaintiff's fraud claim falls far short of this well-established standard.  As with the Plaintiff's negligent misrepresentation claim, the Plaintiff fails to identify any specific representation made by Wells Fargo, who made it and when, why it was false or misleading, and what facts suggest that Wells Fargo either knew or should have known at the time that the representation was false.  Moreover, as no specific representation has been alleged, there can be no allegations supporting consequent and proximate injury.  Lacking these essential factual allegations, the Plaintiff has not stated a claim for fraud under Fed. R. Civ. P. 9(b) and 12(b)(6).

Also, as with the Plaintiff's negligent misrepresentation claim, the Plaintiff cannot rely on Wells Fargo's alleged promise to give him a loan for permanent financing to support his fraud claim because "to constitute actionable fraud, the false representation must be of a matter or fact which exists in the present, or has existed in the past . . ." *Dawson v. Withycombe*, 216 Ariz. 84, 96, 163 P.3d 1034, 1046 (App. 2007) (quoting *Law v. Sidney*, 47 Ariz. 1, 4-5, 53 P.2d 64, 66 (1936)).  As a result, the Plaintiff's fraud claim must be dismissed.

### D. **Plaintiff Has Not Demonstrated Entitlement to Either Declaratory Judgment or Injunctive Relief.**

Within the Plaintiff's final claim, he seeks two injunctions and requests a declaratory judgment. In his first injunction request, the Plaintiff seeks an order requiring Wells Fargo "to convert the Plaintiff's construction loan to permanent financing." *See* Compl. at ¶ 67. In his second request, the Plaintiff seeks "an injunction prohibiting [Wells Fargo] from foreclosing on its Deed of Trust." *Id.* at ¶ 70. He also requests "a declaratory judgment that [Wells Fargo] has acted unreasonably under the circumstances, has violated the covenant of good faith and fair dealing in the CLA, and negligently supplied the Plaintiff with false or incorrect information as alleged above in Count 2 [*i.e.,* negligent misrepresentation]." *Id.* at ¶ 68.

These allegations do not state a claim upon which relief can be granted because "[i]njunctions and declaratory judgments are remedies for underlying causes of action, but they are not separate causes of action as Plaintiff[] allege[s]." *Phillips v. Fremont Investment & Loan*, CV-09-2585-PHX-GMS, 2009 WL 4898259 (D.Ariz. Dec. 11, 2009), at * 3 (citing *City of Tucson v. Clear Channel Outdoor, Inc.*, 218 Ariz. 172, 187, 181 P.3d 219, 234 (Ct. App. 2008); *McMann v. City of Tucson*, 202 Ariz. 468, 473, 47 P.3d 672, 678 (Ct. App. 2002)). In addition, there are certainly no claims pled that would entitle the Plaintiff to an injunction against foreclosure given his admitted default on the promissory note. Regardless, to the extent that Plaintiff fails to state a claim for the underlying causes of action, the Plaintiff's injunction and declaratory judgment claims likewise fail.

Moreover, a declaratory judgment action is intended to declare the rights, duties, status or other legal relations between the parties. Declaratory judgments are meant to resolve uncertainties and controversies before obligations are breached, wrongs are committed, or rights are invaded. *See* 22A Am. Jur. 2d *Declaratory Judgments* § 1

- 11 -

(2006).  Declarative relief, however, is <u>not</u> appropriate to adjudicate past conduct; for example, when damages have already occurred.  *See*, *e.g.*, *Gruntal & Co., Inc. v. Steinberg*, 837 F. Supp. 85, 89 (D.N.J. 1993) (declaratory relief is inappropriate solely to adjudicate past conduct); *Hoagy Wrecher Serv., Inc. v. City of Fort Wayne*, 776 F. Supp. 1350, 1359 (N.D. Ind. 1991) (declaratory judgment relief is designed to prevent accrual of avoidable damages, not damages that have already occurred).  Moreover, where "declaratory relief serve[s] no purpose beyond the remedies [Plaintiff seeks] on [his] claims at law," declaratory relief is properly denied.  *Brunette v. Humane Society of Ventura County*, 40 Fed.Appx. 594, 598 (9th Cir. 2002).

Here, because the Plaintiff's request for a declaratory judgment seeks only adjudication of past conduct, and because Plaintiff's claim simply seeks a declaration that the Plaintiff is entitled to the remedies requested in his other causes of action, his declaratory judgment claim is merely a restatement of the underlying causes of action, and should therefore be dismissed.

**E.    In the Alternative, this Court Should Order the Plaintiff to File an Amended Complaint Pursuant to Fed. R. Civ. P. 12(e).**

Fed. R. Civ. P. 12 (e) provides that, "[a] party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response."  Because the Plaintiff has failed to adequately identify the contract that forms the basis of his claims, the terms that Wells Fargo is alleged to have breached, and the damages that are alleged to flow from those breaches, and because the Plaintiff has failed to sufficiently identify the representations that form the basis of his misrepresentation and fraud claims, when such representations occurred, and who made them, this Court should alternatively order the Plaintiff to file an amended complaint providing a more definite statement of his claims to which Wells Fargo may reasonably respond.

## IV. CONCLUSION

For the forgoing reasons, Wells Fargo respectfully requests that the Court dismiss Plaintiff's Complaint in its entirety. In the alternative, this Court should order the Plaintiff to file an amended complaint providing a more definite statement of the causes of action alleged.

DATED this 9th day of June, 2010.

SNELL & WILMER, L.L.P.


By: s/Robert Schwimmer
    Gregory J. Marshall
    Robert Schwimmer
    One Arizona Center
    400 East Van Buren
    Phoenix, Arizona 85004-2202
    Attorneys for Defendant Wells Fargo Bank, N.A.

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 9th day of June, 2010, I served the attached document by mail on the following, who is not a registered participant of the CM/ECF System:

Gary Perryman
10401 E. McDowell Mtn. Ranch Rd.
Suite 2335
Scottsdale, AZ 85255
Plaintiff *Pro Se*


    s/Barbara Gallagher

11596990