1 GARY PERRYMAN
  10401 E. MCDOWELL MTN RANCH RD.
2 SUITE 2335
  SCOTTSDALE, AZ 85255
3 Telephone: (480) 371-7992

4 In Pro Per

8           IN THE UNITED STATES DISTRICT COURT

9                FOR THE DISTRICT OF ARIZONA

11 GARY PERRYMAN,                      No. 10-CV-00963-PHX-ROS

12                                     **PLAINTIFF RESPONSE TO**
                        Plaintiff,     **DEFENDANT'S MOTION TO**
13                                     **DISMISS**
   vs.
14                                     **DEMAND FOR JURY TRIAL**

15 WELLS FARGO & COMPANY, a Delaware
   Corporation, WELLS FARGO BANK N.A.,
16 WELLS FARGO HOME MORTGAGE and
   DOES 1 through 50, inclusive,
17
                        Defendants.
18

      The Plaintiff Gary Perryman urges this Court to deny the Defendant's Motion to Dismiss and order it to answer because the Complaint is properly pled. Should the Court determine the Complaint lack specificity, the Plaintiff requests an opportunity to amend rather than dismiss.

              **MEMORANDUM OF POINTS AND AUTHORITIES**

I.    **UNTIMELY MOTION TO DISMISS**

   The Defendant is only one party in this case, the third defendant has yet to be

1  served. Further, this case has a pending Motion to Remand, which was filed
2  on May 20th, 2010. Like a thief in the night, the Defendant Wells Fargo rushes
3  to submit a Motion to Dismiss- BEFORE the Motion to Remand is even ruled
4  on. Therefore, this Motion is untimely and should be denied in it's entirety.
5
6  **II.   SUMMARY OF THE ARGUMENT**
7  Wells Fargo blithely argues that it is entitled to deem the CLA the only
8  contractual agreement between the parties, but need not prove it, even if
9  challenged. Under the non-judicial statutes, if Wells Fargo's arguments are
10 accepted, at the pleading stage, then any person could potential terminate a
11 loan promise and foreclose on another person, simply by claiming that no
12 agreements or other representations were made. It is contrary to Arizona law
13 and public policy to green-light a potential fraudulent foreclosure and let
14 Wells Fargo just retract the loan program promises made under their long
15 standing Construction-to-Permanent Financing program before ANY
16 discovery has been conducted. Wells Fargo's Motion to Dismiss in nothing
17 but a premature Motion for Summary Judgment, unsupported by facts or law.
18
19 **III.  NOTICE PLEADING: RULE 8**
20      The Plaintiff is not required to prove his entire case at the pleading
21 stage. Wells Fargo's arguments show that it has fair notice of the claims
22 against it. Wells Fargo is filing what amounts to a premature motion for a
23 summary judgment without having to provide ANY discovery to the Plaintiff.
24      A complaint need only be a "plain and concise statement of the cause of
25 action such that the defendant is given fair notice of the allegations as a
26 whole." *Tarnoff v. Jones*, 17 Ariz. App. 240,245,497,P.2d 60,65 (1972).
27 Arizona has not adopted the more stringent pleading standards of the US
28

1  Supreme Court cases *Twombly* and its progeny. See *Cullen v Auto-Owners*
2  *Ins. Co.*, 218 Ariz. 417,418 ¶ 1, 189 P.3d 344,345 (2008) (rejecting the
3  application of *Twombly* to Ariz.R.Civ.P.8, stating that Arizona retains the
4  lenient "notice" pleading standard under Rule 8, absent constitutional
5  amendment.) When adjudicating a Rune 12(b)(6) motion to dismiss, Arizona
6  courts look only to the pleading itself and consider the well-pled factual
7  allegations contained therein. See, e.g., *Dressler v. Morrison*, 212 Ariz.
8  279,281 ¶ 11, 130 P.3d 978,980 (2006); *Long v. Ariz. Portland Cement Co.*,
9  89 Ariz. 366,367-68, 362 P.2d 741, 742 (1961). Courts must also assume the
10 truth of the well-pled factual allegations and indulge all reasonable inferences.
11 *Does ex rel Doe v. State*, 200 Ariz. 174,175 ¶ 2,24 P.3d 1269,1270 (2001);
12 *Long*, 89 Ariz. At 367,362 P.2d at 742.
13
14 **IV. REAFFIRMATION OF FACTS**
15      The Plaintiff has not claimed that the Construction Loan Agreement is
16 or ever was the only contract that Wells Fargo breached or the only agreement
17 in this matter- it clearly is not. The Construction Loan Agreement is only one
18 of a series of documents in the process that Wells Fargo has advertised and
19 committed to the Plaintiff for what is commercially known as their
20 Construction to Permanent Financing Program. It is the promises and
21 covenants of that program, that Wells Fargo has breached, which includes
22 documents detailing the permanent loan program details for the conversion
23 that would happen at the end of the construction loan period as well as
24 numerous extensions of the construction loan period to allow for the
25 conversion to happen after the April, 2008 date. The commitments and
26 representations made by Wells Fargo have been extended to the Plaintiff in
27 numerous advertisements, application documents, websites, brochures, and a
28

1 loan closing statements, which even include the details of the permanent
2 financing program that the bank promised to extend to the Plaintiff. The
3 Wells Fargo lawyers are conveniently pulling just ONE document out of the
4 offering and calling it the single "contract".

6 It has never been the Plaintiff's claim that the terms of the CLA are in
7 dispute- only that the contractual promises of Wells Fargo to convert its
8 construction loan to permanent financing has not been upheld- which is the
9 program that the Plaintiff was offered, applied for, and was granted by the
10 bank and provided details of in writing to the terms and conditions of that loan
11 instrument. It is extremely convenient for Wells to now "forget" or "omit"
12 those details in their own interest of stealing from the Plaintiff it's property
13 and cash equity in the home of over $500,000.

15 **V. LEGAL ARGUMENT**
16 **A. The Plaintiff has stated a Claim for Breach of Contract**
17 Wells Fargo is claiming there is no breach of contract without even
18 referring to the documentation on the program that the Plaintiff entered into.
19 There is a contract, both written and implied. Wells is trying to deny the
20 Plaintiff his right to pursuing his claims by circumventing the legal remedies
21 and discovery processes and intentionally NOT answering the case.
22 **B.    The Plaintiff should amend to include a Breach of the Covenant of**
23 **Good Faith and Fair Dealing**
24 In Arizona, a covenant of good faith and fair dealing is implied in every
25 contract. *Maliki v Desert Palms Bike Fashion Corp. v. Kramer*, 202 Ariz. 420,
26 420 ¶ 13, 46 P.3d 431, 434 (App. 2002). This is so "neither party will act to
27 impair the right of the other to receive the benefits which flow from their

1  agreement or contractual relationship." *Id.* (quoting *Rawlings v. Apodaca*, 151
2  Ariz. 149, 153, 726 P.2d 565, 569 (1986)).

3  Whether a party has breached the covenant of good faith and fair
4  dealing is a question of fact. *Wells Fargo Bank v. Ariz. Laborers Local No.*
5  *395 Pension Trust Fund*, 201 Ariz. 474, 493, ¶ 69-70, 30 P.3d 12, 31 (2002).
6  The covenant can be breached even if the express terms of the contract are not
7  breached, when an injury arises from one party abusing their superior
8  bargaining power. *Id.* at 29. "Good faith performance or enforcement of a
9  contract emphasizes faithfulness to an agreed common purpose and
10 consistency with the justified expectations of the other party." A contracting
11 party may not exercise a retained contractual power in bad faith. See *Rawlings*
12 at 153-157, 726 P.2d at 569-73 (power to adjust claims in an insurance
13 contract); *Wagenseller* at 385-86, 710 P.2d at 1040-41 (power to fire
14 employee at will for a bad cause).

15 Good faith, among other things, is "honesty in fact in the conduct or
16 transaction concerned." *City of Phoenix v. Great Western Bank & Trust*, 148
17 Ariz. 53, 712 P.2d 966 (App. 1985); see also A.R.S. 47-3103.A.4 (1997). The
18 Plaintiff has alleged that Wells Fargo's dishonesty and failure to abide by its
19 representations are clearly stated throughout the Complaint.

20 Wells Fargo's entire transaction was conducted with fraud and
21 deception, tricking the Plaintiff into a conversion program only to later, after
22 significant investments of both hard cash and sweat equity of time to act as if
23 the promises and representation of loan conversion were never made- further
24 perpetuated to this day by this legal representative of Wells Fargo whom is a
25 clear representation of the fraud and deception that Wells Fargo continues to
26 claim. The Plaintiff would have never built this home and invested over
27 $500,000 of his OWN money if the program was not a conversion program.
28

1  How convenient is it for these lawyers to pretend that the Plaintiff was not in a
2  Construction to Permanent Financing loan, with a single set of closing costs.
3  It is in his best interest to just lie and continue the Wells Fargo fraud.

### C. The Plaintiff has stated a Valid Fraud Claim and should amend to add a Consumer Fraud Claim

6  The Plaintiff has adequately pled a fraud claim, even without Wells Fargo
7  complying with requests for discovery. The Complaint alleges and clearly
8  states that:

9  **WHO?** Wells Fargo Mortgage and other Defendants
10 **WHAT?**
11 Lied by omission concealing that extension of the loan from April, 2008
12 to July, 2008 would change any terms or promise of conversion from the
13 Defendant;
14 Lied by not stating proper requirements to release funds causing
15 unnecessary delays in the date of construction finish to intentionally cause the
16 three-month delay;
17 Lied by not providing the permanent financing (which was stated in
18 closing documents to be a 5 year loan, 6.25%) after having the Plaintiff fill out
19 various financial status updates;
20 **WHEN?**   At the origination of the loan and throughout the term of the loan.
21 **WHERE?** Arizona
22 **WHY?**    To obtain secret profits at the expense of the Plaintiff.
23 **DAMAGES?**
24
25 Throughout the Complaint, the Plaintiff alleges that he was steered into
26 a loan based on the advertised and fully executed agreement of a Construction
27 to Permanent Financing program, with a single closing costs promise and an
28

RESPONSE TO MOTION TO DISMISS

1  automatic loan conversion once construction was completed. Only after the
2  market changed and Wells Fargo decided (as stated by various bank
3  representatives who will be deposed in this matter) that they no longer want to
4  be in the jumbo loan market. Wells Fargo is trying to defraud the Plaintiff out
5  of his life savings and out of his home due to their deceptive practices and this
6  court should allow the case to proceed to stop Wells Fargo in this matter and
7  in future matters of bank deceptive practices. The Plaintiff Complaint as a
8  whole pleads the circumstances constituting fraud with particularity.
9
10
11  WHEREFORE, the Plaintiff prays:
12  1.    That this Court denies the Motion to Dismiss of the single Defendant;
13  2.    That this Court further orders the Defendant to answer the Complaint
14  and if amendment is required, that it allows the Plaintiff to add various other
    Claims that were not originally included.
15  3.    That the Court grants further relief as it may deem just and proper.
16
17       Dated June 24th, 2010                    Respectively submitted;
18                                                Gary Perryman, In Pro Per
19
20                                          By: _____
21
22
23
24
25
26
27
28

Docket No. 10-CV-00963-PHX-ROS

PROOF OF SERVICE BY CERTIFIED MAIL

I, Laura Perryman, the undersigned, hereby certify and declare under penalty of perjury that the following statements are true and correct:

1. I am over the age of 18 years and am not a party to the within cause.

2. My mailing address is Laura Perryman, 10401 E. McDowell Mtn Ranch Rd, Suite 2335, Scottsdale, AZ 85255.

3. On **July 1st, 2010**, I served a true copy of the attached document(s) titled exactly **RESPONSE TO MOTION TO DISMISS** by sending them via certified mail to the following persons at the address so indicated:

Gregory Marshall
Snell & Wilmer LLP
One Arizona Center
400 East Van Buren
Phoenix, AZ 85004-2202

4. A true copy of said document was placed in a sealed envelope, addressed as indicated in paragraph 3, above, and deposited by certified mail for collection, postage, and same-day delivery to the United States Postal Service for delivery to the addressee.

Executed this **1st day of July 2010**, at Kauai, Hawaii.

_____
Laura Perryman

RESPONSE TO MOTION TO DISMISS