Gregory J. Marshall (#019886)
Robert Schwimmer (#027214)
SNELL & WILMER L.L.P.
One Arizona Center
400 East Van Buren
Phoenix, Arizona 85004-2202
Telephone: (602) 382-6000
Facsimile: (602) 382-6070
gmarshall@swlaw.com
rschwimmer@swlaw.com
Attorneys for Defendant Wells Fargo Bank, N.A.

Snell & Wilmer L.L.P. LAW OFFICES One Arizona Center, 400 E. Van Buren Phoenix, Arizona 85004-2202 (602) 382-6000

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

Gary Perryman,

Plaintiff,

v.

Wells Fargo & Company, a Delaware Corporation; Wells Fargo Bank, N.A.; Wells Fargo Home Mortgage, and DOES 1 through 50, inclusive,

Defendants.

No. 10-CV-00963-PHX-ROS

**WELLS FARGO BANK, N.A.'s REPLY SUPPORTING ITS MOTION TO DISMISS [DOC # 13]**

While Wells Fargo Bank, N.A. ("Wells Fargo") moved to dismiss all of the Plaintiff's claims against it, the Plaintiff only opposed dismissal of his breach of contract and fraud claims in his Response. (Doc. # 15.) With respect to the remaining claims for negligent misrepresentation (Count Two), and declaratory judgment and injunction (Count Four), this Court should consider the Plaintiff's lack of response as acquiescence to dismissal of those claims. As to the Plaintiff's claims for breach of contract and fraud, the Plaintiff's Response fails to identify any contract that Wells Fargo allegedly breached, or point to any facts pled that state a claim under either theory. Simply put, the statute of frauds requires that any contract to provide a loan secured by real property be in writing and signed by the party to be charged, and the Plaintiff has not, and cannot,

Snell & Wilmer
L.L.P.
LAW OFFICES
One Arizona Center, 400 E. Van Buren
Phoenix, Arizona 85004-2202
(602) 382-6000

point to any written contract that may be enforced through this lawsuit. The following Memorandum of Points and Authorities further supports dismissal for Wells Fargo.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. WELLS FARGO'S MOTION TO DISMISS WAS TIMELY

Plaintiff argues that Wells Fargo's Motion to Dismiss is untimely because this Court has not yet decided the Plaintiff's Motion to Remand, *see* Doc. # 15 at 2:2-4; however, the pending Motion to Remand does not toll Wells Fargo's deadline to respond to the Complaint. *See* Fed. R. Civ. P. 12(b) ("A motion asserting any [12(b)] defenses must be made before pleading if a responsive pleading is allowed."). Pursuant to the parties' stipulation (Doc. # 9), and this Court's Order (Doc. # 10), Wells Fargo was required to respond to the Plaintiff's Complaint on or before June 9, 2010. As Wells Fargo filed its Motion to Dismiss on June 9, 2010 (Doc. # 13), its Motion to Dismiss was timely.

### II. LEGAL STANDARD

Plaintiff argues that "Arizona has not adopted the more stringent pleading standards of the US Supreme Court cases *Twombly* and its progeny," *see* Doc # 15 at 2:27-3:1, but *Twombly* and other case law interpreting the federal rules apply to this action nonetheless. *See* Fed. R. Civ. P. 1 ("These rules govern the procedure in all civil actions and proceedings in the United States district courts, except as stated in Rule 81."); Fed. R. Civ. P. 81(c)(1) ("These rules apply to a civil action after it is removed from a state court."). Therefore, the standard utilized by Arizona courts is not applicable here. *See, e.g.*, *Wapniarski v. Allstate Ins. Co.*, CV-10-0823-PHX-LOA, 2010 WL 2534167, at *1 n.1 (D.Ariz. June 18, 2010) ("Federal courts follow *Bell Atlantic v. Twombly* [] and *Ashcroft v. Iqbal* [], holding a plaintiff must state a claim that is 'plausible' not merely conceivable."); *Teamsters Local 617 Pension and Welfare Funds v. Apollo Group, Inc.*, 609 F.Supp.2d 959, 972 (D.Ariz. 2010) ("The *Iqbal* Court held

that the *Twombly* standards apply to 'all civil actions' pled under Fed. R. Civ. P. 8 …").

To survive dismissal in this Court, the Plaintiff cannot rely on formulaic recitations of the elements of his causes of action, nor can he rely on legal conclusions couched as factual allegations, despite arguing that they are sufficient to give "notice" to Wells Fargo. *See Ashcroft v. Iqbal*, ___ U.S. ___, 129 S.Ct. 1937, 1949-50 (2009); *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007). A complaint does not suffice if it provides no more than "'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* at 1949 (citing *Twombly*, 550 U.S. at 555) (alteration in original). Moreover, facts pled that are merely consistent with liability stop short of the line between a possible claim and a plausible one. *See id.* (citing *Twombly*, 550 U.S. at 556, 557). The appropriate standard is important because a significant basis for dismissal of the Plaintiff's Complaint is the absence of factual allegations.

## III. ARGUMENT

### A. Plaintiff Fails to Identify Any Written Contract that Wells Fargo Breached.

While the Plaintiff argues in his Response that the Construction Loan Agreement was not "the only contract that Wells Fargo breached or the only agreement in this matter," *see* Doc. # 15 at 3:15 – 4:4, and that the alleged contract upon which he sued Wells Fargo was both "written and implied," *see id.* at 4:17 – 21, the Plaintiff still has not identified what contract he contends Wells Fargo breached, and what terms in that contract required Wells Fargo to unconditionally convert his construction loan into a permanent loan.

Moreover, to the extent that Plaintiff alleges that an implied contract obligated Wells Fargo to convert the Plaintiff's loan, such a contract would violate the statute of frauds and would therefore be unenforceable. *See* A.R.S. § 44-101(6) ("Upon an agreement … for the sale of real property or an interest therein," the agreement must be

Snell & Wilmer L.L.P. LAW OFFICES One Arizona Center, 400 E. Van Buren Phoenix, Arizona 85004-2202 (602) 382-6000

memorialized in writing and signed by the party to be charged.); *Fremming Constr. Co. v. Sec. Sav. & Loan Ass'n*, 115 Ariz. 514, 516, 566 P.2d 315, 317 (Ct. App.1977) ("A contract to give a mortgage is a contract for the sale of an interest in real property within the meaning of [A.R.S. § 44-101(6) ]."); *see also* A.R.S. § 33-701(B) ("A mortgage may be created, renewed or extended only by writing executed with the formalities required of a grant of real property…).

Far from passing muster under *Twombly* and *Iqbal*, the Plaintiff's allegations do not even provide Wells Fargo notice of the contract upon which it is being sued. This pleading failure is significant because there is no such contract.

As Wells Fargo noted in its Motion to Dismiss, to state a claim for breach of contract, "there must be an offer, an acceptance, consideration, and sufficient specification of terms so that the obligations involved can be ascertained." *See* Doc. # 13 at 4:13-21 (*citing Contempo Constr. Co. v. Mountain States Tel. & Tel. Co.*, 153 Ariz. 279, 281, 736 P.2d 13, 15 (Ct. App. 1987)). As the Plaintiff has not identified any written contract, signed by Wells Fargo, which contains sufficient specification of terms that could be enforced, and which unconditionally required Wells Fargo to convert the Plaintiff's construction loan into a permanent loan, the Plaintiff has failed to state a claim for breach of contract.

**B. <u>Plaintiff's Breach of the Covenant of Good Faith and Fair Dealing Fails For The Same Reasons.</u>**

Plaintiff argues in his Response that, "[t]he Plaintiff should amend to include a Breach of the Covenant of Good Faith and Fair Dealing," *see* Doc. # 15 at 4:22 – 23, and then proceeds to argue that Wells Fargo should be liable under such a theory because Wells Fargo never converted the Plaintiff's loan. *See id.* at 5:20 – 6:3. In fact, the Plaintiff already alleged in his Complaint that Wells Fargo breached the covenant of

Snell & Wilmer
L.L.P.
LAW OFFICES
One Arizona Center, 400 E. Van Buren
Phoenix, Arizona 85004-2202
(602) 382-6000

good faith and fair dealing through its "decision to not convert [Plaintiff's] loan," *see* Compl. at ¶ 41, so there is no need to allow amendment before dismissing this claim.

While the Plaintiff argues that "Wells Fargo's entire transaction was conducted with fraud and deception, tricking the Plaintiff into a conversion program only to later … act as if the promises and representation of loan conversion were never made…," *see* Doc. # 15 at 5:20-26, "fraud and deception" are not elements of a breach of the covenant of good faith and fair dealing claim. To state a claim for breach of the covenant of good faith and fair dealing, the Plaintiff must allege facts, which if proven true, would show that Wells Fargo acted to deprive the Plaintiff the benefit of the contract between them. *See, e.g., See Rawlings v. Apodaca*, 151 Ariz. 149, 153-54, 726 P.2d 565, 569-70 (1986) ("The essence of [the covenant of good faith and fair dealing] is that neither party will act to impair the right of the other to receive the benefits which flow from their agreement."); *see also Southwest Savings & Loan Ass'n v. SunAmp Sys., Inc.*, 172 Ariz. 553, 558-59, 838 P.2d 1314, 1319-20 (Ct. App. 1992) ("A contract…would be breached by a failure to perform in good faith…).

For the same reasons the Plaintiff fails to state a claim for breach of contract, he also fails to state a claim for breach of the covenant of good faith and fair dealing. The covenant "is limited to assuring compliance with the express terms of the contract." *McKnight v. Torres*, 563 F.3d 890, 893 (9th Cir. 2009). As Plaintiff has not identified any written contract, signed by Wells Fargo, which required Wells Fargo to convert the Plaintiff's construction loan into a permanent loan, the Plaintiff has failed to state a claim that Wells Fargo prevented the Plaintiff from enjoying the benefits of such a contract. In other words, the purported conversion is not a benefit flowing from any contract identified by the Plaintiff.

In filing this lawsuit, the Plaintiff seeks to judicially require the lender, Wells Fargo, to change the terms of the loan (*i.e.*, convert it) into a loan with a longer and

Snell & Wilmer
L.L.P.
LAW OFFICES
One Arizona Center, 400 E. Van Buren
Phoenix, Arizona 85004-2202
(602) 382-6000

unspecified maturity date (*i.e.*, a permanent loan). Plaintiff is not permitted to force a renegotiation of his loan terms through a lawsuit. *See, e.g., Villegas v. Transamerica Financial Services, Inc.*, 147 Ariz. 100, 103, 708 P.2d 781, 784 (Ct. App. 1985) ("Courts have no right to remake contracts to comport with some unspecified notion of fairness nor to refuse enforcement on that ground. That parties have been held to a duty of good faith compliance with contract terms does not create a duty to offer particular terms or to forego available contract remedies."); *see also F.D.I.C. v. Altholtz*, 4 F. Supp. 2d 80, 87 (D. Conn. 1998) ("In the absence of a provision in the original promissory note or mortgage deed which constitutes an agreement to work out the loan default or restructure the agreement, there can be no breach of the covenant of good faith and fair dealing for the mortgagee's failure to do so.").

**C. Plaintiff's Fraud Allegations Lack the Particularity Required by Rule 9(b) and Should Be Dismissed.**

While the Plaintiff claims to identify the "who, what, when, where, and why" of his fraud claim in his Response, his conclusory allegations are neither pled in the Complaint, nor do they contain the type of factual specificity required to survive dismissal. *See* Doc. # 15 at 6:4 – 22. What is required, and what the Plaintiff does not include, are "specific facts regarding the fraudulent activity such as the time, dates, places, content of the alleged fraudulent representation, why or how the alleged fraudulent representation is false, and … the identity of the person engaged in the fraud." Doc. # 13 at 10:5-10 (quoting *In re PetSmart, Inc. Sec. Litig.*, 61 F.Supp.2d 982, 988 (D.Ariz. 1999)).

"Rule 9(b) serves three purposes: (1) to provide defendants with adequate notice to allow them to defend the charge and deter plaintiffs from the filing of complaints 'as a pretext for the discovery of unknown wrongs'; (2) to protect those whose reputation would be harmed as a result of being subject to fraud charges; and (3) to 'prohibit

Snell & Wilmer L.L.P. LAW OFFICES One Arizona Center, 400 E. Van Buren Phoenix, Arizona 85004-2202 (602) 382-6000

Snell & Wilmer
L.L.P.
LAW OFFICES
One Arizona Center, 400 E. Van Buren
Phoenix, Arizona 85004-2202
(602) 382-6000

plaintiffs from unilaterally imposing upon the court, the parties and society enormous social and economic costs absent some factual basis.'" *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1125 (9th Cir. 2009) (citations omitted).

Purporting to identify the "who," the "what," and the "where" of his fraud claim, the Plaintiff alleges that Wells Fargo "and other Defendants" "lied" about three things "in Arizona." *See* Doc. # 15 at 6:9, 21. First, the Plaintiff argues they "[l]ied by omission concealing that extension of the loan from April[] 2008 to July[] 2008 would change any terms or promise of conversion …" *Id.* at 6:11-13. Second, he argues that they "[l]ied by not stating proper requirements to release funds causing unnecessary delays in the date of construction finish to intentionally cause the three-month delay." *Id.* at 6:14-16. Third, the Plaintiff argues that they "[l]ied by not providing the permanent financing (which was stated in closing documents to be a 5 year loan, 6.25%) after having the Plaintiff fill out various financial status updates." *Id.* at 6:17-19.

Even if these purported facts had been pled in the Complaint, and they have not, they hardly provide Wells Fargo notice of the basis of the Plaintiff's claims, much less satisfy Rule 9's particularity requirements.

For example, with respect to his averment that Wells Fargo "[l]ied by omission concealing that extension of the loan from April[] to July[] 2008 would change any terms or promise of conversion …," *id.* at 6:11-13, the Plaintiff fails to identify any individual that made a representation to him about extending the loan, or how that extension allegedly changed the terms of the "promise of conversion." Who made representations about extending the Plaintiff's construction loan? Who omitted that the extension would change the terms of conversion? While the Plaintiff argues that the representations were made "[a]t the origination of the loan and throughout the term of the loan," *see* Doc. # 15 at 6:20, these averments are not sufficiently particular. Was the communication by telephone, in writing, or some other form of communication? How

Snell & Wilmer
L.L.P.
LAW OFFICES
One Arizona Center, 400 E. Van Buren
Phoenix, Arizona 85004-2202
(602) 382-6000

did the extension allegedly change the terms of conversion? None of these facts are pled, and facts not pled are not assumed.

Plaintiff does not point to any facts pled showing that he relied on any such omissions to his detriment either. In fact, the Plaintiff's factual allegations in the Complaint show a lack of such damages. The allegations are that Wells Fargo extended the maturity date of the promissory note through construction completion, and that Wells Fargo released the remaining construction funds upon the completion of the construction. *See* Compl. at ¶¶ 14 and 28. These allegations are inconsistent with any notion that the Plaintiff suffered damages by the alleged "unnecessary three-month delay." *See* Doc. # 15 at 6:14-16.

With respect to his averment that Wells Fargo,"[l]ied by not providing the permanent financing (which was stated in closing documents to be a 5 year loan, 6.25%)," *id.* at 6:17-19, the Plaintiff has not identified who promised to give him permanent financing or when. While the Plaintiff refers in his Response to a 5-year loan at 6.25% interest, these loan terms are not pled in the Complaint, and the Plaintiff has not identified any written contract purportedly requiring Wells Fargo to convert his construction loan into a permanent loan. Moreover, these allegations appear to be nothing more than a promise of future conduct, which does not support a claim for misrepresentation. *See McAlister v. Citibank*, 171 Ariz. 207, 215, 829 P.2d 1253, 1261 (Ct. App. 1992).

Plaintiff also fails to sufficiently allege that any statements were "untrue or misleading *when made*." *See, e.g., Fecht v. Price Co.*, 70 F.3d 1078, 1082 (9th Cir. 1995) ("When a fraudulent statement is alleged, the 'plaintiff must set forth what is false or misleading about the statement, and why it is false.'"). To the contrary, the Plaintiff, in his Response, suggests that Wells Fargo breached its alleged agreement "[o]nly after the market changed and Wells Fargo … decided that they no longer want[ed] to be in the

jumbo loan market." Doc. # 15 at 7:1 – 4. These allegations do not support a claim of fraud.

**D. Plaintiff Has Not Opposed The Dismissal Of His Negligent Misrepresentation, Declaratory Judgment, or Injunction Claims.**

With respect to Plaintiff's negligent misrepresentation claim, Wells Fargo argued in its Motion to Dismiss that the Plaintiff simply recited the elements of the claim, without pleading any facts in support. *See* Doc. # 13 at 9:3-14. Wells Fargo also argued that to the extent the Plaintiff's claim is based upon a promise to convert the Plaintiff's loan, it fails as a matter of law, because a promise of future conduct is not a statement of fact capable of supporting a negligent misrepresentation claim. *Id.* at 9:15-23.

As to the Plaintiff's request for declaratory judgment and injunctive relief, Wells Fargo argued that injunctions and declaratory judgment are remedies for underlying causes of action, but they are not separate causes of action. *See* Doc. # 13 at 11:12-18. Wells Fargo further argued that the Plaintiff had not pled any facts which would entitle him to an injunction against foreclosure and that the Plaintiff's declaratory judgment action was inappropriate because it sought only to adjudicate past conduct and sought only a declaration that the Plaintiff was entitled to the other remedies requested in his Complaint. *Id.* at 11:18-22, 11:23-12:14.

Plaintiff has not responded to these arguments, and has not opposed dismissal of these claims. Accordingly, for the reasons addressed in Wells Fargo's Motion to Dismiss, the Court should dismiss the Plaintiff's claims for negligent misrepresentation, declaratory judgment, and injunction.

Snell & Wilmer
L.L.P.
LAW OFFICES
One Arizona Center, 400 E. Van Buren
Phoenix, Arizona 85004-2202
(602) 382-6000

Snell & Wilmer
L.L.P.
LAW OFFICES
One Arizona Center, 400 E. Van Buren
Phoenix, Arizona 85004-2202
(602) 382-6000

## IV. CONCLUSION

For the foregoing reasons, and the reasons stated in Wells Fargo's Motion to Dismiss, this Court should dismiss the Plaintiff's Complaint.

DATED this 19th day of July, 2010.

SNELL & WILMER, L.L.P.

By: s/Robert Schwimmer
Gregory J. Marshall
Robert Schwimmer
One Arizona Center
400 East Van Buren
Phoenix, Arizona 85004-2202
Attorneys for Defendant Wells Fargo Bank, N.A.

## CERTIFICATE OF SERVICE

I hereby certify that on the 19th day of July, 2010, I served the attached document by mail on the following, who is not a registered participant of the CM/ECF System:

Gary Perryman
10401 E. McDowell Mtn. Ranch Rd.
Suite 2335
Scottsdale, AZ 85255
Plaintiff *Pro Se*

s/Barbara Gallagher

11720272